UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

```
_____
                                   )
                                   )
JOHN DOE                           )
                                   )
              Plaintiff,           )
v.                                 )   NO.
                                   )
LOUIS WOLF,                        )
COVERT ACTION PUBLICATIONS, INC.   )
                                   )
              Defendants.          )
                                   )
_____)
```

### PLAINTIFF'S MOTION TO PROCEED IN PSEUDONYM

Plaintiff, by counsel, requests that this Court allow him to replace his legal name with a Doe pseudonym in the complaint and all filings in this case, in order to protect the safety and well-being of the plaintiff and his family. There would be no benefit to the public if the name of the Plaintiff and/or his family was revealed.

WHEREFORE, the Plaintiff respectfully request that this Court grant this Motion to Proceed in a Doe Pseudonym and allow the Plaintiff to be known as John Doe.

Dated: Sept 18, 2006

*/s/ John Doe*

John Green, #476592
GILMAN & ASSOCIATES
600 Pennsylvania Ave., SE
Suite 410
Washington, D.C. 20003
(202)547-9080

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

```
_____
                                    )
                                    )
JOHN DOE                            )
                                    )
              Plaintiff,            )
v.                                  )    NO.
                                    )
LOUIS WOLF,                         )
COVERT ACTION PUBLICATIONS, INC.    )
                                    )
              Defendants.           )
                                    )
_____
```

**EX PARTE APPLICATION FOR PERMISSION TO PROCEED UNDER A FICTITIOUS NAME AND TO PROHIBIT DISCLOSURE OF PLAINTIFF'S NAME TO DEFENDANTS OR THIRD PARTIES**

**INTRODUCTION**

Plaintiff, John Doe, by this Memo of Law to proceed under a fictitious name, seek to protect himself and his family from physical harm and persecution. Further, plaintiff requests that this Court enter an order prohibiting any party from disclosing the plaintiff's identity or plaintiff's name or the identity or names of the plaintiff's family to the defendants or to any third party. In the event that any disclosure subsequently occurs an Order will protect the plaintiff and his family from the danger of future physical harm and other retaliation. See attached Declaration.

Plaintiff John Doe is a political activist, an intellectual, a civil and human rights advocate, an anti-terrorist advocate, a person who oppose religious intolerance,

1

and discrimination against the civilian population of his home country. As described in the complaint, family members of the plaintiff and the plaintiff himself have been subjected to actual and threatened physical harm including killings, beatings, and the plaintiff's name was placed on and still is on an assassination list.

The allegations and circumstances, in which the events arose, as well as the plaintiff's current fear of harm to his person and his family, are matters at the core of security interests recognized by courts in granting DOE status. Plaintiff John Doe should be protected in the same way.

## II.

## ARGUMENT

I. THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT

   PLAINTIFF'S MOTION TO PROCEED UNDER FICTITIOUS NAMES

Rule 10 of the Federal Rules of Civil Procedure and this Court's Local Civil rules require "the complaint title of the action shall include the names of all the parties;" the Local Rules require that the "first filing on behalf of a party shall have in the caption the name and full residence address of the party." LCvRs 5.1(e)(1), 11.1.[1] Neither Rule has a provision for pseudonym or fictitious litigation. Federal practice which has developed through case law allows for the filing of complaints listing "Doe" plaintiffs when to do so promotes

---

[1] Requiring parties to disclose their identities furthers the public's interest in knowing the facts surrounding judicial proceedings. <u>Doe v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067 (9th Cir. 2000)

2

justice.[2] See 27 Federal Procedure, L. Ed, Pleadings and Motions § 62:96. The Supreme Court and the D.C. Circuit Court of Appeals have not expressly condoned the practice of pseudonym or fictitious litigation though, from time to time they have permitted pseudonymous litigation to proceed without comment.[3] Qualls v. Rumsfeld, 228 F.R.D. 8, 10 (D.D.C. 2005) (citing, Roe v. Wade, 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973); Doe v. Sullivan, 291 U.S. App. D.C. 111, 938 F.2d 1370, 1374 (D.C. Cir. 1991).

Several circuit courts have carved out exceptions to Rule 10 "in rare cases where the nature of the issue litigated and the interests of the parties demand it and no harm is done to the public interest." Roe v. State of New York, 49 F.R.D. 279, 282 (S.D.N.Y. 1970); see also Does v. Covington, 884 F. Supp. 462, 465 (M.D. Ala. 1995); Doe v. Rostker, 89 F.R.D. 160, 162 (N.D. Cal. 1981); See e. g., James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993), Doe v. Stegall, 653 F.2d 180, 185-86 (5th Cir. 1981) Advanced Textile, 214 F.3d at 1067; Doe v.

---

[2] A plaintiff's desire "merely to avoid the annoyance and criticism that may attend any litigation" is not sufficient to justify pseudonymous proceedings. James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993). Nor is economic harm alone sufficient to justify pseudonymous proceedings. Advanced Textile, 214 F.3d at 1070; S. Methodist U. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 710 (5th Cir. 1979).

[3] This District Court, like the D.C. Circuit Court, has not tackled the propriety of pseudonymous litigation head on, but this Court has developed an ad-hoc process that accommodates the practice. A litigant seeking to proceed under pseudonym may ask the Chief Judge, ex parte, for leave to file a complaint omitting the litigant's real name and full address. In effect, the litigant is asking the Chief Judge to waive the requirements of Federal Rule 10(a) and Local Civil Rules 5.1(e)(1) and 11.1. Leave is generally granted if the litigant makes a colorable argument in support of the request. Qualls, 228 F.R.D. at 4.

3

Madison School Dist. No. 321, 147 F.3d 832, 833 n. 1 (9th Cir.1998), vacated on other grounds, 177 F. 3d 789 (9th Cir. 1999) (en banc) (granting a high school student's motion to proceed in pseudonym because of her fear of retaliation from her community); Doe v. INS, 867 F.2d 285, 286 n.1 (6th Cir. 1989) (allowing Plaintiff to proceed anonymously to protect his family from reprisals); Roe v. City of Milwaukee, 37 F.Supp.2d 1127 (B.D. Wis. 1999) (allowing plaintiff to proceed in pseudonym because he was concerned that the litigation could result in disclosure of his HIV-positive status). Exceptional circumstances justify the departure from the normal methods governing proceedings in court. See Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992). Protection of children, rape victims, and other particularly vulnerable: parties and witnesses are examples of circumstances where courts have found proceedings in pseudonym appropriate. See Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 872 (7th Cir. 1997); Doe v. City of Marion, 2002 WL 32072794 (N.D. Ind. Feb.1, 2002) (citing Jessup v. Luther, 2002 WL 73721 (7th Cir. Jan. 17, 2002)).

In special circumstances, courts have permitted plaintiffs to proceed anonymously and withhold their names from the defendants as well as the general public. Gomez v. Buckeye Sugars, 80 F.R.D. 106, 107 (N.D. Ohio 1973) (claim by farmworkers against alleged joint employers for violations of the Fair Labor Standards Act); Doe v. Dinkins, 533 F. Supp. 623, 627 (S.D.N.Y. 1981) (action by minors challenging state law require the consent of their parent for them to marry); Does v. Covington, supra, 884 F. Supp. at 465 (action by students alleging sexual abuse by a public school teacher).

4

Although whether to grant a plaintiff the right to proceed under a pseudonym or fictitious name depends on the facts of a particular case, as a general rule the courts balance the need to protect the interests of a plaintiff with the interest the defendants and the public has in knowing the pertinent facts of a case, including the identity of the parties. See Roe v. Wade, 410 U.S. 113 (1973).

II. THE PLAINTIFF HAS A REASONABLE FEAR FOR HIS AND HIS FAMILIES SAFETY IF HIS NAME AND OR IDENTITY BECOME KNOWN, AND THIS COURT SHOULD THEREFORE GRANT THIS MOTION TO PROCEED ANONYMOUSLY

The Circuit courts have recognized that Doe status is appropriate in cases concerning allegations of real danger or physical harm, or where the injury litigated against would result in the disclosure of the plaintiff's identity.

Doe status in this action is appropriate under the existing standards as set out in case law. In Doe v. Rostker, 89 F.R.D. 160 (N.D. Cal. 1961), the court outlined the criteria for determining whether plaintiffs could proceed under fictitious names. The court noted that while no express standard existed, there was "a common thread running through cases in which "Doe" status (is) allowed." From this common thread the court held that "[a] plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved. The most compelling situations involve matters which are highly sensitive, such as (1) social stigmatization, (2) real danger or physical harm, or (3) where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." Doe v. Rostker, supra, at 162. See also Doe v. Stegall, 653 F.2d

5

180, 185-86 (5th Cir. 1981); <u>James</u>, 6 F.3d at 238).

Additional information relating to the probability of harm is attached, See Attachments A and B, and further information relating to harm to John Doe can be provided to this court <u>in camera</u> or under seal should this Court so desire. Further, in the event that disclosure of the plaintiff's identity or the plaintiff's families identities should occurs during the course of the litigation, plaintiff respectfully requests that the court issue a protective order prohibiting disclosure of plaintiff's and/or the plaintiff's family identities to defendants or third parties.

## CONCLUSION

In order to protect the plaintiff's right to be free from bodily harm, or death this Court should grant plaintiff's Application for Permission to Proceed Under a Fictitious Name. This court should further order that, in the event any party should subsequently discover the plaintiff's identity, or the plaintiff's family identity that party may not disclose the identities to defendants or any third party.

Dated: Sept 18, 2006

John Green, #476592
GILMAN & ASSOCIATES
600 Pennsylvania Ave., SE
Suite 410
Washington, D.C. 20003
(202)547-9080

Attorneys for Plaintiff

6

# ATTACHMENT A

ATTACHMENT A

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

```
_____
                                   )
                                   )
JOHN DOE                           )
                                   )
                                   )
                  Plaintiff,       )
v.                                 )   NO.
                                   )
LOUIS WOLF,                        )   AFFIRMATION OF
COVERTACTION PUBLICATIONS, INC.    )   COUNSEL
                                   )
                  Defendants.      )
                                   )
_____)
```

**AFFIRMATION OF JOHN M. GREEN**

I John Green, hereby declares:

1. I am the attorney of record for the plaintiff John Doe in the above captioned action.

2. I make this declaration in support of plaintiff's ExParte Application for Permission to Proceed Under Fictitious Name on the basis of my communications with the Doe plaintiff, a resident alien, who has indicated his need to bring this case anonymously as well as on the basis of my familiarity with the dangers to which the plaintiff exposes himself by filing the Complaint. I am requesting that the Court relieve the plaintiff of the need to file under seal his real name and address at this time, as explained below.

3. This is an action for Breach of Contract, Libel, and Punitive Damages that exceed $75,000.00.

4. Plaintiff has been subject to and continues to be threatened by extreme violence and threats of violence by a Nation State entity, the Islamic Republic of Iran. The plaintiff's family was and is subject to the danger of retaliation for the plaintiff's human rights and anti-terrorism activities, and other activities.

5. On the starting date of the plaintiff's employment with the defendant Covert Action Publications in the Fall 1990 the plaintiff requested and the defendants granted the plaintiff's request for anonymity. The plaintiff's request for anonymity was re-affirmed during the spring of 2004.

6. The plaintiff is more than willing to answer the Honorable Judge's questions about his circumstances and the threats from the Nation State, the Islamic Republic of Iran's, assassins and/or agents.

7. Plaintiff has authorized Gilman and Associates to bring this case anonymously on the understanding that his identity will be kept completely anonymous until such time as the Court indicates a need to know his identity. Plaintiff, John Doe, has supplied the Court with his name and address in hope that the Court will protect his identifying information albeit under seal.

8. Accordingly, we request that the Court permit the

2

filing of this case with a fictitious name, John Doe, and that we be permitted to work out such disclosure and its conditions, as is necessary, with the District Judge to which the case is assigned.

Dated: September 18, 2006

/s/ John Green

John Green, #476592
GILMAN & ASSOCIATES
600 Pennsylvania Ave., SE
Suite 410
Washington, D.C. 20003
(202)547-9080

Attorneys for Plaintiff


### VERIFICATION STATEMENT

Pursuant to 28 U.S.C § 1746(2), I, John M. Green, do solemnly affirm and verify under penalty of perjury that the statements in my Affirmation are true and correct to the best of my knowledge.

/s/ John M. Green

3

ATTACHMENT B

ATTACHMENT B

# AFFIDAVIT OF JOHN DOE

I, John Doe, upon being duly sworn, hereby state and depose.

1. I make this Affidavit of matters within my own personal knowledge; I attest that my age is older than 18 years of age.

2. I was born in Iran.

3. I have been a human rights activist for more than thirty years inside and outside the US. I have done research, writing, translation, lecture on a variety of issues like religious rights, ethnic rights, women rights, refugee rights, exposing torture and assassination attempts, exposing terrorist activities.

3. I left Iran in 1977.

4. In the mid 80's my family members, informed me that my activism had drawn the attention of the Iranian government. My family asked me to not discuss political matters in my letters, because members of Iranian Government were opening and reading my letters.

5. My mother was detained and interrogated on numerous occasions.

6. Because of my activism the Islamic Republic of Iran in 1987 did not allow me to give my mother powers of attorney in the matter of my late father's inheritance which caused her to lose our family home.

7. In 1988, while attending a conference on the campus of Howard University about Iran's foreign policy, my comments against the Tehran's regime, brought immediate death calls against me from

a couple of the attendants. The situation got so serious that the conference chair feared for my safety and asked two students to escort me to my car. A few months after that incident, I discovered that one of the individuals who called for my death was a Sudanese national that had a cover as a journalist, who was in fact working as an agent of the Islamic Republic of Iran.

8.  In April 1991, I was approached by an Iranian man, at a Washington DC book store that I used to visit regularly.  This individual knew my real name.  This individual also knew of my anti- Islamic Republic of Iran activities.  He told me to stop acting against the Islamic Republic of Iran or "be ready to be killed by butcher's knife as had already happened to other activists in Europe, Asia and the US." A butcher's knife is the weapon of choice for Iranian assassins because it causes the greatest terror in the Iranian community.  There is no doubt in my mind that this individual was an agent of the Islamic Republic of Iran, and that I was on a list to be assassinated. The bookstore incident had a very significant impact on how I live my life in exile.

9.  Since 1980 more than one hundred Iranian activists have been assassinated abroad. I knew many of them and had helped their respected causes. The well documented assassination of (name to come) took place in Bethesda, MD. An Iranian journalist's DC based publishing firm – Iran Times – was set on fire. The investigators blamed the agents of the Islamic Republic for both incidents.

According to Washington Post a male US citizen, who accepted responsibility for the above acts of terrorism, was an agent of the Islamic Republic, and is now living in Iran.

10. Two leading assassins of the Tehran's regime, who have been named in the US and European newspapers are Manouchehr Taleh and Mr. Hossein Malaek. Mr. Manouchehr Taleh is the Islamic Republic's Chief of Assassinations for the Western Hemisphere and Mr. Hossein Malaek is the Islamic Republic's Chief of Operations for the Western Hemisphere. Both of these individuals are fluent in English and know me personally.

11. In 1988, my mother was contacted by an Islamic Republic government agent. The Islamic Republic government agent told my mother that Republic agents had successfully assassinated her son John Doe. To make the matters worse for my family, the agent even told the same story to my mother's neighbors.

12. In September 2003, a very high ranking intelligence operative of the Islamic Republic went to the homes of my brother and my mother, pressing them to reveal my current address and vocation. They did not have the information. The event was so traumatic to my mother that she had to seek medical help. The persecution of my mother continued until her death in 2005. My brother asked a family friend to alert me to the incident and its severe gravity.

13. To assure that the agents of the Islamic Republic do not discovery my whereabouts or identify I do not use credit cards,

bank accounts, or own a cell phone.

14. At great risk to my family and myself, I provided the US Immigration and Naturalization Services, with an Islamic Republic of Iran's document which showed that there was a leak at INS which provided the foreign ministry of the Islamic Republic of Iran the names of the Iranian born refugees and asylums residing in the US.

## **VERIFICATION STATEMENT**

Pursuant to 28 U.S.C. § 1746(2), I, John Doe, do solemnly affirm and verify under penalty of perjury that the statements made in my Affidavit are true and correct to the best of my knowledge.

*John Doe*
_____
John Doe