## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JOHN DOE** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-CV-01645 |
| | ) Judge Richard J. Leon |
| **LOUIS WOLF,** | ) |
| **COVERT ACTION PUBLICATIONS, INC.** | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO IN OPPOSITION TO DEFENDANTS' MOTION TO
EXTEND TIME TO FILE A OPPOSITION TO PLAINTIFF'S MOTION TO
PROCEED IN PSEUDONYM AND TO RESPOND TO PLAINTIFF'S COMPLAINT FOR
DAMAGES**

COMES NOW the plaintiff, John Doe, by and through his undersigned counsel, who submits this Motion in Opposition and in support thereof represents as follows:

1.   The defendant's Louis Wolf and Covert Publications, Inc. were served via certified mail at or about 11:00 a.m. September 29, 2006;  See Attachment A

2.   According to the defendant's motion the defendants' allege their services were retained on October 13, 2006.

3.   Not including the 29th of September 2006 the defendants' had the Complaint package for fifteen (15) days prior to retaining Counsel. See Attachment B Defendant's Motion to Extend Time Page 1 Paragraph 2.

4.   The counsel for the defendant, according to the defendant's motion, is unable to  file a timely answer to the

1

plaintiff's complaint because of the defendants' counsel's commitments to other cases and the defendant's counsel desire to file a motion opposing the Plaintiff's Motion to Proceed in Pseudonym, even though this Court has granted the plaintiff's request to Proceed in Pseudonym.

5.   The defendant's counsel call the plaintiff's counsel's office several times.  The message left was an allegation by the defendant's counsel that service was improper and if the plaintiff's counsel agreed to an twenty (20) day extension the defendants would accept service.

6.   The Plaintiff's attorney returned the defendant's call on October 13, 2006 and left a message on the defendant's answering service.

7.   The plaintiff's counsel would not have agreed to an twenty (20) day extension based on an improper service allegation or for addition time to file both an answer and opposition motion.

8.   Federal Rule of Civil Procedure Rule 6(b) (1) applies to the defendants' motion. Rule 6(b) (1) allows a court ("for cause shown" and "in its discretion") to grant a request for an extension of time, provided the request is made before the time for filing expires.

9.   The defendants' filed their motion for an enlargement of time approximately one (1) week prior to the date the answers to the plaintiff's complaint was due.

10.   Rule 6(b)(2) does not apply as such excusable neglect or its factors are not applicable.

11.   The Supreme Court has held that in ascertaining the culpability of an attorney little weight should be given to the fact that the attorney was experiencing upheaval in his or her law practice.  As such this Court should give little weight to the defendants' attorney's allegation that case loads prevented a timely response to the plaintiff's complaint.  It should be noted that the defendants' attorney had a week to answer the complaint.

12.   It is the plaintiff's belief that the "for cause shown" standard does not include situations where an attorney makes a decision, as we have before us, not to meet a deadline because he/she made a decision to voluntary accept a case which the attorney do not have time to litigate.

13.   Neither the attorney's decision to voluntary accept a case which the attorney do not have time to litigate or the defendant's attorney desire to file an opposition motion to this Court's approval of the plaintiff's request to Proceed in Pseudonym meet the "for cause shown" standard set forth in Rule (6)(b)(1).

3

14. In Supreme Court in numerous cases have held that clients must be held accountable for the acts and omissions of their attorneys and the defendants should be held accountable for their counsel's failure to file a timely answer.

Wherefore, the Plaintiff pray:

1. That the defendants' motion to enlarge time to file an answer and opposition the Plaintiff's Motion to Proceed in Pseudonym should be DENIED.

2. That the plaintiff be Granted reasonable attorney fees for preparing and submitting this motion.

3. The Court Order such other and further relief as to this Court may seem just and proper.

Dated: October 22, 2006


Respectfully submitted,


_____
John M. Green, (#476592)
GILMAN & ASSOCIATES
600 Pennsylvania Ave, SE, Suite 410
Washington, D.C. 20003
(202) 547-9080

Attorney for Plaintiff

# ATTACHMENT A

# ATTACHMENT  B