**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **JOHN DOE** <br><br> Plaintiff, <br><br> v. <br><br> **LOUIS WOLF,** <br> **COVERT ACTION PUBLICATIONS, INC.** <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:06-CV-01645 <br> ) Judge Richard J. Leon <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO FILE A
OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED IN PSEUDONYM AND TO
RESPOND TO PLAINIFF'S COMPLAINT FOR DAMAGES**

**INTRODUCTION**

The defendant's Louis Wolf and Covert Publications, Inc. were served via certified mail at or about 11:00 a.m. September 29, 2006. The Complaint Package that included the Plaintiff's Complaint, his Motion to Proceed in Pseudonym and the Court's Order Granting the Plaintiff's Motion. See Attachment A Domestic Return Receipt and Track and Confirm Record. According to the defendant's motion the defendants' allege their services were retained on October 13, 2006. Not including the 29th of September 2006 the defendants' had the Complaint package for fifteen (15) days prior to retaining Counsel. See Attachment B Defendant's Motion to Extend Time Page 1 Paragraph 2. The defendants claim that they need until November 8, 2006, to fully respond to the Plaintiff's complaint for damages and Motion to Proceed in

1

Pseudonym, when all that is needed is an answer to the plaintiff's complaint.

The counsel for the defendant, according to the defendant's motion, is unable to file a timely answer to the plaintiff's complaint because of the defendants' counsel's commitments to other cases and the defendant's counsel desire to file a motion opposing the Plaintiff's Motion to Proceed in Pseudonym even though this Court has granted the plaintiff's request to Proceed in Pseudonym.

The defendant's counsel called the plaintiff's counsel's office several times. The message left was an allegation by the defendant's counsel that service was improper and if the plaintiff's counsel agreed to an twenty (20) day extension the defendants would accept service. The Plaintiff's attorney returned the defendant's call on October 13, 2006 and left a message on the defendant's answering service.

Service issues are normal defenses that are part of the defendant's answer and do not prevent a timely response to a complaint. Furthermore, the plaintiff's counsel would not agree to an enlargement of time so that the defendants could file an answer and motion in opposition to this Courts' granting of the Plaintiff's Motion to Proceed in Pseudonym.

## ARGUEMENT

The Federal Rule of Civil Procedure 6(b) provides: … "When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them."

**Rule 6(b)**(1), which applies to the defendants' motion, allows a court ("for cause shown" and "in its discretion") to grant a request for an extension of time, whether the request is made with or without motion or notice, provided the request is made before the time for filing expires, as such excusable neglect or its factors are not applicable.

The defendants filed their motion for an extension of time to respond to the Plaintiff's complaint, and to file an opposition to plaintiff's request to Proceed in Pseudonym approximately one (1) week prior to the date an answer to the

3

plaintiff's complaint was due. The issue before the court is whether the defendant's counsel allegation that other cases and defendant's desire to oppose the Court's granting of the plaintiff's request to Proceed in Pseudonym satisfy the "for cause shown" standard.[1]

In **Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership**, 507 U.S. 380, 113 S. Ct. 1489, 398 (1993), as case involving a Rule 6(b)(2), the post deadline filing of a motion. The Court in ascertaining the culpability of respondents' attorney gave little weight to the fact that the respondents' counsel was experiencing upheaval in his law practice at the time a filing was due in Bankruptcy Court. Even though the motion before this Court is a Rule 6(b)(1) filing rather than a Rule 6(b)(2) filing the **Pioneer Inv.** Court's holding that attorney office upheaval should be given little weight should apply with equal force with the issues before the Court. As in **Pioneer Inv.** the Court in ascertaining the culpability of the defendant's attorney should give little to no weight to the defendant's attorney allegation that there is upheaval in his or her law office in determining whether the defendants have met the "for cause shown" standard. The upheaval in the defendants' attorney's office according to the allegations in the defendants' motion are to many clients and the attorneys desire

---

[1] The filing of a timely answer to the plaintiff's complaint do not waive the defendants' right to challenge the Courts granting of the plaintiff's request to Proceed in Pseudonym.

to file an opposition to this Court's granting of the plaintiff's request to Proceed in Pseudonym. Each Rule of Civil Procedure has its limits. It is the plaintiff's belief that the "for cause shown" standard does not include situations where an attorney makes a decision, as we have before us, not to meet a deadline because he/she made a decision to voluntary accept a case which the attorney do not have time to litigate. In addition, the Court must ask itself whether the defendants attorney has acted in good faith when it calls the plaintiff's attorney and threatens to challenge service and then files a motion with the Court requesting an enlargement of time to respond to the plaintiff's complaint and file a motion to opposition motion to this Court's approval of the plaintiff's request to Proceed in Pseudonym. Clearly the defendant's attorney desire to file an opposition motion to this Court's approval of the plaintiff's request to Proceed in Pseudonym does not meet the "for cause shown" standard set forth in Rule (6)(b)(1).

The Supreme Court in numerous cases have held that clients must be held accountable for the acts and omissions of their attorneys. In **Link v. Wabash R. Co.**, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). The Court held "that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial

conference." In so concluding, the Court found "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." Id., at 633. The Court wrote, "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney." Id., at 633-634 (quoting Smith v. Ayer, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)). This principle also underlies the Court's decision in **United States v. Boyle**, 469 U.S. 241, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985), in which the Court held that a client could be penalized for counsel's tardy filing of a tax return.

It is the plaintiff's belief that this principle applies with equal force here and requires that the defendants should be held accountable for the acts and omissions of their chosen counsel and the defendants' motion for an enlargement of time should be denied since they have failed to meet the "for cause shown" set forth in Rule (6)(b)(1).

## CONCLUSION

It is respectfully submitted that defendant's motion for an enlargement of time should be denied, because, as noted above the defendants have failed to meet the standards "for cause shown" set forth in Rule (6)(b)(1) and the defendants should be held accountable for the acts and omissions of their chosen counsel.

Dated: October 22, 2006

John Green, (#476592)
GILMAN & ASSOCIATES
600 Pennsylvania Ave., SE, Suite 410
Washington, D.C. 20003
(202)547-9080

Attorneys for Plaintiff

7