**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                                )
JOHN DOE,                                                )
                                                                )
                    Plaintiff,                            )
                                                                )
          v.                                                 )          Civil Action No. 1:06-CV-01645
                                                                )          Judge Richard J. Leon
LOUIS WOLF, *et al.*,                             )
                                                                )
                    Defendants.                       )
_____)

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION TO PROCEED IN PSEUDONYM**

Defendants Louis Wolf and Covert Action Publications, Inc., through undersigned

counsel, respectfully submit their Opposition to Plaintiff's Motion to Proceed in Pseudonym.  As

set forth in the attached memorandum, Plaintiff has failed to allege adequate grounds to satisfy

its burden of demonstrating the need to shield Plaintiff's identity from the public or Defendants.

Further, the nature of Plaintiff's claims requires that Defendants discuss Plaintiff's identity with

members of the public.

Respectfully submitted,

/s/ Lynne Bernabei
_____
Lynne Bernabei, Esquire          # 938936
Alan R. Kabat, Esquire             # 464258
The Bernabei Law Firm, PLLC
1775 T Street, N.W.
Washington, D.C.  20009-7124
tel. (202) 745-1942
fax (202) 745-2627

Counsel for Defendants

Dated:  November 6, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————————

JOHN DOE,                                    )
                                             )
       Plaintiff,                           )
                                             )
    v.                                       )    Civil Action No. 1:06-CV-01645
                                             )    Judge Richard J. Leon
LOUIS WOLF, *et al.*,                        )
                                             )
       Defendants.                         )

———————————————————————

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO PROCEED IN PSEUDONYM**

Defendants respectfully request that the Court deny Plaintiff's Motion to Proceed in

Pseudonym.  Plaintiff has failed to satisfy its burden of alleging adequate grounds to demonstrate

the need to shield Plaintiff's identity from the public or Defendants.  Further, Plaintiff's claims

necessitate that Defendants know and discuss Plaintiff's identity with members of the public.

## ARGUMENT

**I.    Legal Standard.**

The Federal Rules of Civil Procedure and the Local Civil Rules of this Court require that

the complaint must include the parties' names, and do not allow for pseudonymous plaintiffs.

According to Rule 10 of the Federal Rules of Civil Procedure, "[i]n the complaint the title of the

action shall include the names of all the parties."  Fed. R. Civ. P. 10(a).  Local Civil Rule

5.1(e)(1) similarly requires that a party's initial filing shall include in the caption "the name and

full residence address of the party."  D.C. LCvR 5.1(e)(1).  Under Local Civil Rule 11.1,

"[f]ailure to provide the address information within 30 days upon filing may result in the

dismissal of the case against the defendant."  D.C. LCvR 11.1.  The rationale for these rules is

that "having judicial proceedings fully open to the public so that the public may fully assess the merits of the lawsuit and the quality of the courts is in the public interest." Qualls v. Rumsfeld, 228 F.R.D. 8, 13 (D.D.C. 2005). Hence, the use of real names will keep "out of court . . . many more frivolous and less heartfelt causes, which is in the interest of both the public and the courts." Id.

The burden is on the plaintiff, not the defendant, to show good cause for proceeding anonymously and countering the basic principle "that federal courts operate openly by default and that a defendant facing a pseudonymous plaintiff need not come forward with reasons why this default procedure should be followed." Id.; accord James v. Jacobson, 6 F.3d 233, 242 (4th Cir. 1993) ("there is no legal right in parties either to be allowed anonymity or to avoid it"). As Judge Posner recently noted, "the use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." Doe v. City of Chicago, 360 F.3d 667, 669-70 (7th Cir. 2004).

It is only in "critical" and "unusual" cases, "when the district court reasonably determines that the 'need for anonymity' outweighs 'the general presumption that parties' identities are public information and the risk of unfairness to the opposing party,'" will the courts allow parties to proceed anonymously. Qualls, 228 F.R.D. at 10 (citing Does I Thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067-68 (9th Cir. 2000) and James, 6 F.3d at 238). This Court should reject Plaintiff's motion to proceed anonymously because, as in Qualls, the evidence does not demonstrate that Plaintiff is "likely to face physical retaliation as a result of filing th[e] lawsuit." Id. at 12.

In <u>Advanced Textile</u>, the Ninth Circuit explained that granting a party's motion to proceed in pseudonym is appropriate in only three circumstances:  (1) "when identification creates a risk of retaliatory physical or mental harm;" (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature;" or (3) "when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution."  214 F.3d at 1068 (citations omitted).  Plaintiff here has alleged only the first of these three circumstances, risk of physical harm or retaliation, as the reason for seeking to proceed anonymously.  <u>See</u> Pls. Mot. at 1, 5.

<u>Advanced Textile</u> adopted a three-part test for district courts to apply when determining whether to grant a party's request to proceed anonymously based on a claimed fear of retaliation. First, a district court should consider "the severity of the threatened harm."  214 F.3d at 1068 (citing <u>Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe</u>, 599 F.2d 707, 713 (5th Cir. 1979) (denying plaintiffs' motion to proceed in pseudonym)).  Second, a district court should consider "the reasonableness of the anonymous party's fears."  <u>Id.</u> (citing <u>Doe v. Stegall</u>, 653 F.2d 180, 186 (5th Cir. 1981) (granting plaintiffs' motion to proceed in pseudonym where plaintiffs (1) were children and (2) presented extensive evidence demonstrating the likelihood of retaliation against the children bringing the lawsuit)).  Third, a district court should consider "the anonymous party's vulnerability to such retaliation."  <u>Id.</u> (citing <u>Stegall</u>, 653 F.2d at 186 (finding the "special vulnerability" of children particularly persuasive) and <u>U.S. v. Doe</u>, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (allowing a party to proceed anonymously where both parties requested anonymity because inmate who was serving a long

prison sentence and acting as a government witness was at risk of retaliation by other inmates if his identity and cooperation with the government became known)).

Finally, in addition to these factors, a district court should "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." <u>Advanced Textile</u>, 214 F.3d at 1068.

As set forth below, this Court should find that the facts in this proceeding weigh against allowing Plaintiff to proceed anonymously.[1]

## II.    Plaintiff Has Failed to Plead with Particularity the Severity of the Threatened Harm.

This Court should deny Plaintiff's Motion because Plaintiff has failed to plead the severity of the threatened harm with the requisite particularity. <u>Advanced Textile</u>, 214 F.3d at 1068. Plaintiff never specifies the nature of the threatened harm. Instead, Plaintiff vaguely claims to "seek to protect himself and his family from physical harm and persecution" and "other retaliation." <u>See</u> Pls. Mot. at 1. However, the asserted claim that he is in danger of physical harm is very general, and by itself does not establish that the alleged threatened harm is severe.

## III.    Plaintiff Has Failed to Demonstrate That His Fear of Harm Is Reasonable.

The Court should also deny Plaintiff's Motion because he has failed to demonstrate "the reasonableness of [his] fears." <u>Advanced Textile</u>, 214 F.3d at 1068.

In determining the reasonableness of a party's fear of harm, a district court will look to the evidence presented by the party requesting to proceed anonymously. <u>Id.</u> In a case

---

[1] Chief Judge Hogan preliminarily granted Plaintiff's Motion on an *ex parte* basis, "pending further order of the court," <u>see</u> Order (Sept. 19, 2006), thus allowing defendants the opportunity to seek review by this Court.

challenging "prayer and Bible reading exercises in schools," the plaintiffs requesting to proceed anonymously presented extensive evidence to substantiate their fear of harm if their identities were known to the public.  Stegall, 653 F.2d at 182-83 & n.6.  In Stegall, the plaintiffs presented newspaper articles documenting the virulent anger demonstrated by the community regarding the plaintiffs' claims.  Id.  A school board member said at public meeting that the plaintiffs' Jewish lawyer brought suit "to destroy Christianity because it is detrimental to his religion."  Community residents at the meeting said, "Satan is here, working his evil on these people filing this suit.  They should be ashamed of themselves. . . . God is fixing to come back.  He'll show them."  Id.  The likelihood of retaliation in Stegall was palpable.

Here, in contrast to Stegall, Plaintiff's fear of harm is neither reasonable nor substantiated.  Plaintiff's memorandum of law does not discuss a single fact to substantiate Plaintiff's fear of harm.  Further, while the Affidavit of John Doe sets forth several instances to justify Plaintiff's alleged fear, all are unpersuasive, as discussed below.  Nearly all of the evidence that Plaintiff presents is unreliable hearsay.  This Court has emphasized that hearsay evidence is not reliable when considering whether to grant a motion to proceed in pseudonym.  See Qualls, 228 F.R.D. at 12 (underscoring the hearsay defect in the declarations submitted in support of plaintiffs' motion to proceed anonymously).

First, Plaintiff claims, without providing any documentation, that in the 1980s, his family members in Iran told him that the Iranian government began to target him due to his activism in the United States.  See Affidavit of John Doe, ¶ 4.  He also claims that the Iranian government denied his mother power of attorney to handle his father's inheritance.  Id. at ¶ 6.  Defendants respectfully submit that these circumstances should carry no weight whatsoever in this Court's

determination of whether to grant Plaintiff's Motion.  Plaintiff provides no credible support to demonstrate that either of these claims is true.  These claims are purely hearsay.  The Court does not know whether these events actually occurred.  And assuming that these events did in fact occur, Plaintiff demonstrates no reason for this Court to accept his characterization of the events as substantiating a reasonable fear of harm.  The alleged denial of his mother's power of attorney because of his activism in the United States, which Defendants do not concede, does not demonstrate a concerted effort by the Iranian government to inflict harm on Plaintiff.

Plaintiff further claims that, in 1988, in response to comments that he made at a conference regarding Iran's foreign policy, several attendants made immediate death threats to Plaintiff.  Affidavit of John Doe, ¶ 7.  This evidence is irrelevant to Plaintiff's claims.  First, this is also pure hearsay.  Second, Plaintiff does not claim or demonstrate that the attendants at this conference actually attempted to harm Plaintiff.  Third, Plaintiff does not demonstrate that the attendants had any intent or motive to seek Plaintiff out in the future for the purpose of causing Plaintiff harm, nearly twenty years later.  Indeed, if plaintiff was making public statements at a conference, the attendees who allegedly made these threats already know who he is, so allowing him to proceed anonymously in this litigation would do nothing to protect him from those people.  To justify granting John Doe status on the basis of this fact, assuming the circumstances of the instance are as Plaintiff has claimed, would be to justify protecting the identity of every party in every case, regardless of the subject matter of the case, if the party had ever taken a political stance on an issue that inflamed some members of the public.  As another court recognized, "this feared retaliation is both speculative and prospective," so that there was no basis for allowing the plaintiff to proceed anonymously.  Doe v. Rostker, 89 F.R.D. 158, 162

(N.D. Cal. 1981). Further, it is questionable whether those allegations can even be addressed by this Court on plaintiff's motion. Id. (noting "that a federal court [can] act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court") (quoting Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).

Plaintiff further claims that in April 1991, an Iranian man approached Plaintiff in a bookstore in Washington, D.C., and, addressing Plaintiff by his real name, warned him to cease acting against Iran or "be ready to be killed by butcher's knife as had already happened to other activists in Europe, Asia and the US." Affidavit of John Doe, ¶ 8. Plaintiff claims that "[t]here is no doubt in [his] mind that this individual was an agent of the Islamic Republic of Iran, and that [he] was on a list to be assassinated." Id. It is questionable whether Plaintiff recalls this event accurately. First, the statement Plaintiff has quoted, also hearsay, does not sound like a spoken statement that an individual would make. Instead, the statement that Plaintiff presents sounds, at best, like a melodramatic paraphrase of the individual's quote, which should not have been presented as a direct quotation. Second, assuming the content of the statement is accurate, Plaintiff provides absolutely no evidence to substantiate his belief that this man was an Iranian agent. Finally, if the alleged Iranian agent were determined to assassinate Plaintiff or learn of his residential address, there is no evidence that the filing of this lawsuit in the Plaintiff's correct name would be likely to reach this attempted assassin. Presumably, the attempted assassin already knows the Plaintiff's real name, or he would not have found him and spoken to him in the bookstore. Moreover, this event occurred in 1991, fifteen years ago. At most, this shows there was an alleged threat against the plaintiff more than a decade ago. Plaintiff's hearsay

account of this alleged death threat therefore does not weigh in favor of granting Plaintiff's

Motion.

Finally, Plaintiff claims that in September 2003, an Iranian intelligence officer "went to

the homes of [his] brother and [his] mother, pressing them to reveal [his] current address and

vocation." Affidavit of John Doe, ¶ 12. Again, this is double hearsay evidence relayed from

Plaintiff's mother and brother to a friend, and then relayed from the friend to Plaintiff. This is

not credible. Even if Plaintiff proved that the event occurred, Plaintiff presents no evidence to

demonstrate why allowing this suit to proceed under Plaintiff's correct name would be

dangerous to him, given that the Iranian government already knows his true name.

Hence, this is <u>not</u> a case where the plaintiff is "a likely target of retaliation by people who

would learn [his] identity <u>only</u> from a judicial opinion or other court filing." <u>Doe</u>, 360 F.3d at

669 (emphasis added). Instead, the persons who allegedly could retaliate against the Plaintiff

already know his identity, as Plaintiff himself admits in his declaration.

### IV.    Plaintiff Has Not Demonstrated That He Is Vulnerable to the Alleged Retaliation.

This Court should deny Plaintiff's Motion because Plaintiff has not demonstrated that he

is vulnerable to retaliation. <u>Advanced Textile</u>, 214 F.3d at 1068.

In contrast to those few cases in which the courts found that a plaintiff would be

vulnerable to alleged retaliation, the Plaintiff in this case has not made that requisite showing.

For example, in <u>Stegall</u>, the court found that the plaintiffs were particularly vulnerable to such

harm because plaintiffs were children. 653 F.2d at 186 (finding the "special vulnerability" of

children particularly persuasive). In <u>U.S. v. Doe</u>, the court found the plaintiff vulnerable to

retaliation because he was an inmate cooperating with a government investigation, finding that he would likely be subjected to violent reactions by fellow inmates. 655 F.2d at 922 n.1.

Here, in contrast, Plaintiff is not vulnerable to retaliation, nor has he claimed to be. He is a male, able-bodied adult. As he admits in his declaration, he has encountered individuals in stressful circumstances in the past and he has always survived them without apparent harm, so that there is no basis for this Court to find that Plaintiff will now be vulnerable to retaliation.

V.    **Defendants Would Suffer Substantial Prejudice in These Proceedings If This Court Allows Plaintiff to Proceed Anonymously.**

Finally, this Court should deny Plaintiff's Motion because Defendants would suffer substantial prejudice in these proceedings if Plaintiff is allowed to proceed anonymously. When considering whether to allow a party to proceed anonymously, in addition the three factors weighing the legitimacy of the requesting party's fear of harm, a district court should "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." Advanced Textile, 214 F.3d 1068; see also James, 6 F.3d at 241 (noting district court's concern that "pseudonymity would unfairly impede defendant's ability to impeach the plaintiffs' credibility").

Allowing Plaintiff to proceed in pseudonym would harm Defendants at every stage of the proceeding. Defendants would neither be able to properly gather evidence and witnesses nor impeach Plaintiff's credibility at trial.

Most of Plaintiff's claims concerning monies that Defendants allegedly owe Plaintiff depend on recollection of oral discussions between Defendants and Plaintiff. Defendants must be able to question Plaintiff in court to prove that Plaintiff's claims lack merit.

Further, Plaintiff has brought actions for slander (Complaint, Count XIII, p. 28), intentional infliction of emotional distress (Complaint, Count XIV, p. 29), and negligent infliction of emotional distress (Complaint, Count XV (mistakenly numbered as Count XIV), p. 31). Each of these causes of action necessitates that Defendants question either the Plaintiff directly, or other individuals who know the Plaintiff. In a slander action, Defendants must be able to first challenge the claim that Defendants stated a falsehood about Plaintiff. Clawson v. St. Louis Post-Dispatch, L.L.C., 906 A.2d 308, 313 (D.C. 2006). To do so will require testimony by others who are aware of the facts surrounding the circumstances to which the statement refers. Even if the statement is found to be false, Defendants will need to establish Plaintiff's reputation in the community, both before and after the alleged defamation, to refute the claim that Defendants harmed his reputation. Id. This requires discussing Plaintiff's reputation in the community, necessitating testimony from individuals who know Plaintiff, and testimony about whether they know of the alleged defamatory statements and whether these statements in any way influenced their opinion of Plaintiff.

With regard to Plaintiff's causes of action based on emotional distress, Defendants will need to question Plaintiff about the nature of his emotional distress in order to refute the allegations that his distress was severe. Darrow v. Dillingham & Murphy, LLP, 902 A.2d 135, 139 (D.C. 2006).

Therefore, to defend plaintiff's allegations, defendants will need to know plaintiff's identity in order to be able to question witnesses about plaintiff, and to conduct third party discovery, which will require plaintiff to provide his true name.

**VI.    If This Court Were Inclined to Grant Plaintiff's Motion, Defendants Urge That This Court Order the Plaintiff to Use His Correct Name, but to Proceed by Using His Lawyer's Address Instead of His Residential Address.**

This court should deny Plaintiff's Motion.  Alternatively, this Court should deny Plaintiff's Motion, but allow Plaintiff use of his attorney's address so as to protect the exact location of his residence.  If this Court permits Plaintiff to use his attorney's address, Defendants request that this Court order his attorney to disclose his actual residential address to Defendants, under a protective order, and that he be required to cooperate in all discovery requests in which defendants need to use plaintiff's address.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion to proceed in pseudonym.  Plaintiff fails to satisfy his burden to substantiate his fear of harm, and he is not vulnerable to harm.  Moreover, allowing Plaintiff to proceed anonymously would seriously damage Defendants' ability to litigate this case.

Alternatively, this Court should deny Plaintiff's motion to proceed under pseudonym, but allow Plaintiff use of his attorney's address so as to protect the exact location of his residence, while disclosing that information to defendants under seal.

11

Respectfully submitted,

/s/ Lynne Bernabei

_____
Lynne Bernabei, Esquire        # 938936
Alan R. Kabat, Esquire         # 464258
The Bernabei Law Firm, PLLC
1775 T Street, N.W.
Washington, D.C.  20009-7124
tel. (202) 745-1942
fax (202) 745-2627

Counsel for Defendants

Dated:  November 6, 2006

12