**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHN DOE,  Plaintiff, v. LOUIS WOLF, COVERT ACTION PUBLICATIONS, INC.  Defendants. | Civil Action No. 1:06-CV-01645  **Judge Richard J. Leon** |

**PLAINTIFF'S MOTION FOR DISQUALIFICATION OF DEFENDANTS' ATTORNEYS AND DEFENDANTS' ATTORNEY LAW FIRM**

COMES NOW the plaintiff, John Doe, by and through his undersigned counsel, who submits this Motion For Disqualification of Defendants' Attorneys and Defendants' Attorney Law Firm and in support thereof represents as follows:

1. The plaintiff met with attorney Lynne Bernabei to seek legal advice in 1992. The legal advice sought by the plaintiff concerned his visa problems.

2. Between the years of 1992 and 2003 the plaintiff either met with or spoke to attorney Lynne Bernabei numerous times to discuss the unpaid wages that Covert Action Publications owed the plaintiff for work, services, and labor provided to the Covert Action Publications Corporation.

3. Between the years of 1992 and 2003 the plaintiff either met with or spoke to attorney Lynne Bernabei numerous times to discuss the monies Louis Wolf promised to pay the

1

plaintiff for work, services, and labor provided to him and Covert Action Publications.

4. Between the years 1992 and 2003 the plaintiff either met with or spoke to attorney Lynne Bernabei numerous times to discuss the unfair treatment plaintiff received from Louis Wolf and members of the Covert Action Publications staff.

5. The plaintiff met with Attorney Lynne Bernabei in 1998 to seek legal advice about his legal and/or constitutional rights as a non-citizen.

6. The plaintiff's meetings with Attorney Lynne Bernabei included discussion on all of the issues germane to his complaint except for his claim for slander.

7. In all of the plaintiff's meetings or conversations with Attorney Lynne Bernabei, between 1992 and 2003 the plaintiff asked her if their conversations were protected by the attorney-client privilege and Attorney Lynne Bernabei stated emphatically that their conversations and meetings were protected by the attorney-client privilege.

8. Attorney Lynne Bernabei and her law firm represent the defendants Louis Wolf and Covert Actions Publications, Inc.

9. The District of Columbia's Rules of Professional Conduct apply to all attorneys that appear before tribunals in this jurisdiction.

2

10. Allowing Attorney Lynne Bernabei and her law firm to represent the defendants Louis Wolf and Covert Actions Publications, Inc. would not only seriously interfere with the administration of justice, but would be prejudicial to the plaintiff, and the administration of justice because Attorney Lynne Bernabei and her law firm would use information plaintiff disclosed to her that is protected by the attorney-client privilege to the determent of the plaintiff and the benefit of the defendants Louis Wolf and Covert Actions Publications, Inc.

11. It is reasonable for this Court to assume that Attorney Lynne Bernabei has shared with the defendants information disclosed by the plaintiff which is protected by the attorney-client-privilege.

12. The attorney-client relationship between the plaintiff and Attorney Lynne Bernabei, and Attorney Lynne Bernabei's representation of the defendants in these proceedings creates an obvious conflict of interest.

13. Attorney Lynne Bernabei and her Law Firms' representation of the defendants is not in the best interest of the plaintiff and is in violation of the District of Columbia's Rules of Professional Conduct.

Wherefore, the Plaintiff prays:

1. That the plaintiff's motion to disqualify the defendants' attorney Lynne Bernabei and her law firm The

3

Bernabei Law Firm, PLLC be GRANTED.

2. That this Court holds that the actions of Attorney Lynne Bernabei and her Law Firm breached the plaintiff's attorney-client privilege and has seriously interfered with the administration of justice.

3. That this Court holds that the actions of Attorney Lynne Bernabei and her Law Firm breached the attorney-client privilege they had with the plaintiff and their actions have been prejudicial to the plaintiff's case.

4. That this Court have Attorney Lynne Bernabei and her Law Firm identify the individuals, entities, attorneys, and Law Firms they have shared information disclosed by the plaintiff that is related to this litigation.

5. That this Court Orders Attorney Lynne Bernabei and her Law Firm not to assist the defendants any manner.

6. That this Court Orders Attorney Lynne Bernabei and her Law Firm not to share or provide their work product created or developed as a result of these proceeding with any attorney, law firm, third party, or the defendants.

7. That the plaintiff be Granted reasonable attorney fees for preparing and submitting this motion.

8. The Court Orders such other and further relief as to this Court may seem just and proper.

4

Dated: November 8, 2006

        Respectfully submitted,


        _____
        John M. Green, (#476592)
        GILMAN & ASSOCIATES
        600 Pennsylvania Ave, SE, Suite 410
        Washington, D.C. 20003
        (202) 547-9080

Attorney for Plaintiff