UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN DOE | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 1:06-CV-01645 |
|  | ) **Judge Richard J. Leon** |
| LOUIS WOLF, | ) |
| COVERT ACTION PUBLICATIONS, INC. | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DISQUALIFICATION OF DEFENDANTS' ATTORNEYS AND DEFENDANTS' ATTORNEY LAW FIRM

John M. Green, #476592
GILMAN & ASSOCIATES
600 Pennsylvania Ave, SE, Suite 410
Washington, D.C. 20003
(202) 547-9080

# Table of Contents

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
ARGUEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
   A.   The Substantial Relationship Test . . . . . . . . . . . . . . . . . . . . . . 4
   B.   Professional Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   C.   Right to Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES

### Cases

Allen v. Academic Games Leagues of America, Inc. . . . . . . . . . . . . . . . 4
Consolidated Theatres, Inc. v. Warner Brothers Pictures, Inc.,
  113 F. Supp. 265, 268-69 (S.D.N.Y. 1953) . . . . . . . . . . . . . . . . . passim
E.E.O.C. v. Orson H. Gygi Co. Inc., 749 F.2d 620, 621 (10th Cir.
  1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Goodrum v. Clement, 51 App.D.C. 184, 189, 277 F. 586, 591 (1922)
  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Groper v. Taff, 230 U.S. App. D.C. 358, 717 F.2d 1415, 1418
  (D.C. Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
In re Fogel, 422 A.2d 966 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 250-251
  (CA2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
In re Paradyne Corp., 803 F.2d 604, 611 (11th Cir. Fla. 1986) . 13
In re Russell, 424 A.2d 1087 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . 10
Laker Airways, Ltd. v. Pan American World Airways, 103 F.R.D.
  22, 44 (D.D.C. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Nolan v. Foreman, 665 F.2d 738, 739 n.3 (5th Cir. 1982) . . . . . . . . 9
Roe v. United States, 475 U.S. 1108, 89 L. Ed. 2d 914, 106 S.
  Ct. 1515 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 518
  F.2d 751, 754 (2nd Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
Trust Corp. of Montana v. Piper Aircraft Corp., 701 F.2d 85, 87
  (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Westinghouse Electric Corp. v. Gulf Oil Corp., 588 F.2d 221, 225
  (7th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

### Statutes
28 U.S.C.S. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

### Other Authorities
1.7 Conflict of Interest: General Rule Combined . . . . . . . . . . . passim
Canon 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12
D.C. R. Prof. 1.10 Rule 1.10 — Imputed Disqualification: General
  Rule . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
D.C. R. Prof. 1.6 Confidentiality of Information . . . . 6, 8, 10, 12

**LCvR 83.15(a)** ................................................ **3**
**Rule 1.9  Conflict of Interest: Former Client** ............. **passim**

1. **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

**JOHN DOE**

                  Plaintiff,

v.

**LOUIS WOLF,**
**COVERT ACTION PUBLICATIONS, INC.**

                  Defendants.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

Civil Action No. 1:06-CV-01645
Judge Richard J. Leon

</td></tr>
</table>

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DISQUALIFICATION OF DEFENDANTS' ATTORNEYS AND DEFENDANTS' ATTORNEY LAW FIRM**

**INTRODUCTION**

The plaintiff John Doe first met with Attorney Lynne Bernabei in 1992 to seek advice concerning a visa issue. Between the years of 1992 and 2003 plaintiff John Doe either met with or spoke to attorney Lynne Bernabei on numerous occasions to discuss the unpaid wages that Covert Action Publications owed him for work, services, and labor provided to the Covert Action Publications Corporation. During the same time period plaintiff John Doe either met with or spoke to attorney Lynne Bernabei numerous occasions to discuss the monies Louis Wolf promised to pay him for work, services, and labor provided to him and Covert Action Publications. In 1998 plaintiff John Doe met with Attorney Lynne Bernabei to seek legal advice concerning John Doe's legal and/or constitutional rights as a non-citizen.

1

Plaintiff John Doe's meetings with Attorney Lynne Bernabei included discussions on all of the issues germane to the plaintiff's complaint except for his claim for slander. In all of the plaintiff's meetings or conversations with Attorney Lynne Bernabei, Between 1992 and 2003 the plaintiff asked Lynne Bernabei if their conversations were protected by the attorney-client privilege and Attorney Lynne Bernabei stated emphatically that their conversations and meetings were protected by the attorney-client privilege.    See Attachment A John Doe's Affidavit.

Attorney Lynne Bernabei and her law firm are representing the defendants Louis Wolf and Covert Actions Publication, Inc. in litigation concerning the very issues she discussed with the plaintiff. The information the plaintiff disclosed to Attorney Lynne Bernabei is protected by the attorney-client privilege and disclosure of the protected information is a violation of the District of Columbia's Rules of Professional Conduct. In addition, it is not in the plaintiff's, or the public's, or the professions', or the Court's best interest for this Court to allow Attorney Lynne Bernabei and her law firm to represent the defendants when attorney misconduct is evident.

The Plaintiff will not agree to any waiver that will allow Attorney Lynne Bernabei and her law firm to represent the defendants.

2

It is the plaintiff's belief that Attorney Lynne Bernabei and her law firm's representation of the defendants is a violation of the District of Columbia Rules of Professional Conduct and the conflict of interest is more than obvious. Furthermore, the plaintiff believes that it is reasonable for this Court to assume that Attorney Lynne Bernabei and her law firm will use privileged information and communications disclosed by the plaintiff against him in this litigation.

## ARGUMENT

The Court has within its inherent supervisory power the discretionary authority to oversee the professional attitudes of lawyers who appear before it. **Groper v. Taff**, 230 U.S. App. D.C. 358, 717 F.2d 1415, 1418 (D.C. Cir. 1983).[1] This supervisory power includes the authority to disqualify counsel when appropriate. Motions to disqualify are committed to the trial court's sound discretion. **Id**.; **E.E.O.C. v. Orson H. Gygi Co. Inc.**, 749 F.2d 620, 621 (10th Cir. 1984); **Trust Corp. of Montana v. Piper Aircraft Corp.**, 701 F.2d 85, 87 (9th Cir. 1983).[2]

In considering a motion to disqualify, the District Court is charged with evaluating all the relevant circumstances and

[1] The District of Columbia Rules of Professional Conduct have been adopted by this Court and are applicable to all lawyers who handle litigation in this District. LCvR 83.15(a).

[2] Implicit in 28 U.S.C.S. § 1291 is Congress' judgment that the district judge has primary responsibility to police the prejudgment tactics of litigants.

3

evidence. The Court must decide the issue in a manner that does no violence to the administration of justice and simultaneously "maintain[s] in the public mind a high regard for the legal profession." **Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.**, 518 F.2d 751, 754 (2nd Cir. 1975) (internal quotations omitted). The standards for disqualification are somewhat amorphous, but the trial court is bound to make its determination taking into account all relevant factors. "The court must weigh the combined effect of a party's right to counsel of choice, an attorney's interest in representing a client, the financial burden on a client of replacing disqualified counsel and any tactical abuse underlying a disqualification proceeding against the fundamental principle that the fair resolution of disputes within our adversary system requires vigorous representation of parties by independent counsel unencumbered by conflicts of interest." **Allen v. Academic Games Leagues of America, Inc.**, 831 F. Supp. 785, 789 (C.D. Cal. 1993) (quoting **In re Lee G.**, 1 Cal. App. 4th 17, 26 (1991)).

A.   **The Substantial Relationship Test**

As noted in **Laker Airways, Ltd. v. Pan American World Airways**, 103 F.R.D. 22, 44 (D.D.C. 1984)this circuit has adopted the "substantial relationship test" as a standard for attorney disqualification. The "substantial relationship test" originated

4

in litigation between private parties in the context of a motion
to disqualify counsel on the grounds that a lawyer had
unethically switched sides between private litigants.
**Consolidated Theatres, Inc. v. Warner Brothers Pictures, Inc.**,
113 F. Supp. 265, 268-69 (S.D.N.Y. 1953), **aff'd**, 216 F.2d 920
(2d Cir. 1954). The central purpose of the case was the ethical
prohibition against side-switching which was described as
preventing a private lawyer who may have received confidential
information from using it against the client in a subsequent
representation.[3]  The Court in **Consolidated Theatres** stated
that, "A lawyer's duty of absolute loyalty to his client's
interests does not end with his retainer. He is enjoined for all
time, except as he may be released by law, from disclosing
matters revealed to him by reason of the confidential
relationship. Related to this principle is the rule that where
any substantial relationship can be shown between the subject
matter of a former representation and that of a subsequent
adverse representation, the latter will be prohibited." The

---

[3] Judge Weinfeld instructed that: " the former client [must]
show no more than that the matters embraced within the pending
suit wherein his former attorney appears . . . are substantially
related to the matters or cause of action where the attorney
previously represented him, the former client. The Court will
assume that during the course of the former representation
confidences were disclosed . . . . Only in this manner can the
lawyer's duty of absolute fidelity be enforced and the spirit of
the rule . . . be maintained. " **T.C. Theatre Corp. v. Warner
Bros. Pictures**, supra, at 268-9.

5

**Consolidated Theatres** Court in its investigation of the professional conduct of the offending attorney focused on Canon 6 of the Canons of Professional Ethics adopted by the American Bar Association which provides in part the following: "The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed." Canon 6 is equivalent to D.C. R. Prof. 1.6 Confidentiality of Information, 1.7 Conflict of Interest: General Rule combined, and Rule 1.9 Conflict of Interest: Former Client.  The **Consolidated Theatres** Court stated that a violation of Canon 6 by an attorney required the disqualification of the attorney.

The **Westinghouse** Court distilled the "substantial relationship test" to the following: "Initially, the trial judge must make a factual reconstruction of the scope of the prior legal representation." If the factual contexts overlap, the court then has to determine "whether it is reasonable to infer that the confidential information allegedly  given would have been given to a lawyer representing a client in those [prior] matters." Finally, if such information apparently was available to counsel in the prior representation, the court has to determine whether it "is relevant to the issues raised in the

6

litigation pending against the former client." If all three conditions are met, the matters will be substantially related and thus deemed the same for conflict of interest purposes, with doubts to "be resolved in favor of disqualification." **Westinghouse Electric Corp. v. Gulf Oil Corp.**, 588 F.2d 221, 225 (7th Cir. 1978).

The facts of this case are very similar to the facts in the **Consolidated Theatres, Inc.** case. The plaintiff has attached an Affidavit in which he admits that he had an attorney client relationship with Attorney Lynne Bernabei over a period of eleven (11) years (1992 through 2003). As noted above during that eleven (11) year period the plaintiff disclosed confidential information to Attorney Lynne Bernabei that is germane to all of the issues in the plaintiff's complaint except for his claim for slander. The factual contexts overlap and are relevant to the issues raised in the plaintiff's complaint. Furthermore, in all of the plaintiff's meetings or conversations with Attorney Lynne Bernabei, Attorney Lynne Bernabei stated emphatically that their conversations and meetings were protected by the attorney-client privilege. See Attachment A John Doe's Affidavit. It would be reasonable for the Court to assume that the plaintiff did disclosed confidential information to Attorney Lynne Bernabei which is directly related to the issues in the plaintiff's complaint; that Attorney Lynne

7

Bernabei representation of the defendants involves, or may involve, the disclosure or use of such confidences disclosed by the plaintiff. The plaintiff believes that the application of the "substantial relationship test" to the facts of this case favors the disqualification of both Attorney Lynne Bernabei and her law firm.

In addition, based on the plaintiff's affidavit, it would be reasonable for this Court to assume that during the attorney-client relationship between the plaintiff and Attorney Lynne Bernabei the plaintiff disclosed confidential information to Attorney Lynne Bernabei which is directly related to the issues in the plaintiff's complaint. It is undeniable that Attorney Lynne Bernabei and her law firm represents the defendants. Attorney Lynne Bernabei's representation of the defendants is a clear violation of D.C. R. Prof. 1.6, 1.7, and 1.9. It would be reasonable for this Court like the Court in **Consolidated Theatres** to disqualify Attorney Lynne Bernabei for violating D.C. R. Prof. 1.6, 1.7, and 1.9 the equivalent of Canon 6.

**B.    Professional Conduct**

The Court in **Goodrum v. Clement**, 51 App.D.C. 184, 189, 277 F. 586, 591 (1922), said: "The relation of attorney and client is one of the highest trust and confidence, and demands the utmost good faith on the part of the attorney. This relation is not only highly confidential, but presents so many opportunities

8

for the reaping of special benefits at the expense of the client by an attorney so disposed, that courts will closely scrutinize any transaction in which the attorney has assumed a position antagonistic to his client. And where, as here, the evidence shows that as a result of assuming such a position the attorney has gained an advantage, the burden is on him to prove good faith, rather than on the client to prove the absence of it."

It is a fundamental principle that an attorney's ethical duties to a client arise not from any contract but from the establishment of a fiduciary relationship between attorney and client. Such a relationship is often established before a contract even exists. The fiduciary relationship between an attorney and his client extends even to preliminary consultations between the client and the attorney regarding the attorney's possible retention. . . . All that is required . . . is that the parties, explicitly or by their conduct, manifest an intention to create the attorney-client relationship. **Nolan v. Foreman**, 665 F.2d 738, 739 n.3 (5th Cir. 1982) (citations omitted). The court in **Nolan** was applying Texas law, but the law in the District of Columbia is no different. It is well established that neither a written agreement nor the payment of fees is necessary to create an attorney-client relationship. . . . Furthermore, it is not necessary for an attorney to take substantive action and give legal advice in order to establish

9

such a relationship. See **In re Russell**, 424 A.2d 1087 (1980); **In re Fogel**, 422 A.2d 966 (1980). Furthermore, it is not necessary for an attorney to take substantive action and give legal advice in order to establish such a relationship. **Russell**, **supra**. However, a client's perception of an attorney as his counsel is a consideration in determining whether a relationship exists, **Russell**, **supra**, and it is clear from John Doe's Affidavit that there was an attorney-client relationship and he considered Attorney Lynne Bernabei to be his attorney.

D.C. R. Prof. 1.6, 1.7, 1.9 as noted above stand for the proposition, "that an attorney is to represent the client with undivided fidelity and not to divulge the client's secrets or confidences and forbids the attorneys subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed." Without doubt a Court could reasonably hold that Attorney Lynne Bernabei's representation of the defendants is a violation of both D.C. R. Prof. 1.6, 1.7 and 1.9 because the representation as a minimum is adverse to a position taken by the plaintiff, and results in the revealing of a plaintiff's confidence or secret, such a violation urges the disqualification of Attorney Lynne Bernabei.

D.C. R. Prof. 1.10 Rule 1.10 — Imputed Disqualification: General Rule

10

(a) states, "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(b), 1.9, or 2.2." The exception does not apply, but sections (b) and (c) apply. Attorney Lynne Bernabei owns the Law Firm "The Bernabei Law Firm, PLLC" and Alan R. Kabat, Esquire is Co-Counsel and a member of Attorney Lynne Bernabei's law firm. The facts of this case are clear that Rules 1.7, and 1.9 prohibits Attorney Lynne Bernabei the owner of The Bernabei Law Firm, PLL from representing the defendants. It is reasonable for the Court to assume that Attorney Lynne Bernabei the owner of The Bernabei Law Firm, PLL is also involved with the management of the firm's attorneys and the selection of the firms attorneys for case assignment. This proposition is supported by the defendants reasons for an extension of time and the selection of Alan R. Kabat, Esquire as Co-Counsel. As noted above Alan R. Kabat, Esquire is a member of Attorney Lynne Bernabei's law firm. It is also reasonable for the Court to assume that Attorney Lynne Bernabei has shared with her staff the confidential information disclosed by the plaintiff to her. Like the fruit-of-the poisonous-tree all of the work performed for the benefit of the defendants are tainted by the confidential information disclosed by the plaintiff to Attorney Lynne Bernabei a situation the Rules of Professional

11

Responsibility strive to prevent. It can be said no better than by the **Consolidated Theatre** Court, "The rule (Canon 6 - D.C. R. Prof. 1.6, 1.7, and 1.9) prevents a lawyer from placing himself in an anomalous position. Were he permitted to represent a client whose cause is related and adverse to that of his former client he would be called upon to decide what is confidential and what is not, and, perhaps, unintentionally to make use of confidential information received from the former client while espousing his cause. Lawyers should not put themselves in the position 'where, even unconsciously, they might take, in the interests of a new client, an advantage derived or traceable to, confidences reposed under the cloak of a prior, privileged relationship."

It is imperative that a Court disqualify an attorney or an law firm when the Court discoverers that an attorney or law firm in an action adverse to a previous client would be called upon to decide what is confidential and what is not, and, perhaps, unintentionally to make use of confidential information received from the former client while espousing the new clients cause. Attorney Lynne Bernabei has put herself, her law firm, and members of her law firm in such a position by representing the defendants in this matter. Case law and the DC Rules of Professional Responsibilities support the disqualification of Attorney Lynne Bernabei and The Bernabei Law Firm, PLL from

12

representing the defendants in these proceedings.

The plaintiff believes that it is reasonable to assume that Attorney Lynne Bernabei has shared with the defendants confidential information plaintiff disclosed to Attorney Lynn Bernabei. The disclosed confidential information, as noted above, is directly related to the allegations in the plaintiff's complaint. The plaintiff believes the sharing of the plaintiff's confidential information that is directly related to the allegations in his complaint by Attorney Lynne Bernabei is a betrayal and the conduct is nothing less than dishonest especially when you consider Attorney Lynn Bernabei's assurances to the plaintiff that their conversations were protected by the attorney-client privilege.

## C.    Right to Counsel

The Court in, **In re Paradyne Corp**., 803 F.2d 604, 611 (11th Cir. Fla. 1986) stated that, " The right to counsel of one's choice is not absolute. The right of counsel "does not override the broader societal interests in the effective administration of justice . . . or in the maintenance of 'public confidence in the integrity of our legal system." The Court in **In re Grand Jury Subpoena Served Upon Doe**, 781 F.2d 238, 250-251 (CA2), cert. denied sub nom. **Roe v. United States**, 475 U.S. 1108, 89 L. Ed. 2d 914, 106 S. Ct. 1515 (1986) stated "Courts have the power and duty to disqualify counsel where the public interest

in maintaining the integrity of the judicial system outweighs the accused's constitutional right to counsel."

As noted above participation in these proceeding by Attorney Lynne Bernabei and her law firm create an actual conflict of interest.

The plaintiff believes the effective administration of justice suggests that the actual conflict of interest created by Attorney Lynne Bernabei and her law firm by their participation in these proceedings should disqualify them from the proceedings and forbid Attorney Lynne Bernabei and her law firm from sharing their work products with the defendants, any other attorney or law firm the defendants may select. The maintenance of public confidence in the integrity of our legal system suggests that the defendants attorneys misconduct supports their disqualification from these proceedings and forbid them from sharing their work products with the defendants, any other attorney or law firm the defendants may select.

## CONCLUSION

Whether this Court applies the "substantial relationship test" or the District of Columbia Rules of Professional Conduct to the facts the Court will conclude that the defendants' attorneys and law firm should be disqualified from these proceedings, the defendants attorneys and law firm should be forbidden from sharing their work product developed for these

proceedings, and sharing the confidential information disclosed by plaintiff to any other attorney, law firm, or any third party, or defendants. The Court for all of the reasons set forth above should GRANT the plaintiff's motion to disqualify the defendants' attorneys and defendants' attorney law firm.

Dated: November 8, 2006

_____
John Green, (#476592)
GILMAN & ASSOCIATES
600 Pennsylvania Ave., SE, Suite 410
Washington, D.C. 20003
(202)547-9080

Attorneys for Plaintiff

15