IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-01645 |
| ) | Judge Richard J. Leon |
| LOUIS WOLF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION TO SEAL THE COMPLAINT

Defendants Louis Wolf and Covert Action Publications, Inc., through undersigned counsel, respectfully submit their Opposition to Plaintiff's Motion to Seal the Complaint (Nov. 24, 2006).

Plaintiff's motion is an improper attempt to circumvent this Court's Order, which expressly denied plaintiff's motion to proceed in pseudonym. See Minute Order (Nov. 6, 2006). This Court further "ORDERED that plaintiff file a corrected Complaint setting his true name with this Court within twenty (20) days of this Order." Id. Instead of filing a motion for reconsideration, plaintiff improperly seeks to use the pendency of his belatedly-filed motion to disqualify (Nov. 9, 2006) as a basis for defying this Court's Order. At the time that plaintiff filed his motion to disqualify, he did not seek any further relief with respect to his identity, and this Court should not condone his dilatory attempts to circumvent this Court's Order.

Further, plaintiff's identity has nothing to do with the motion to disqualify, particularly where, as here, defendants have already learned plaintiff's true name through a review of the documents in the defendants' office.

Finally, any person anywhere in the world will learn plaintiff's true name through the Court's PACER system, once the Corrected Complaint is filed with the Court. Hence, the requested relief sought by plaintiff – that defendants be excluded from knowing his identity – is illusory at best, and illogical at worst, given that defendants already know plaintiff's identity.[1]

Moreover, the courts have recognized that it is improper to prevent attorneys from discussing key facts with their clients, so that a court should exercise special care before issuing an order that confines the disclosure of information to a party's attorneys and prohibits disclosure to the parties themselves. See In re San Juan Star Co., 662 F.2d 108, 118 (1st Cir. 1982); see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 (1981) ("to extent district court is empowered to restrict communications [between client and counsel] . . . it may not exercise that power without a specific record showing. . . [of] particular abuses . . . [and without] giving explicit consideration to the narrowest possible relief which would protect the respective parties") (internal quotation omitted). A party has a right to participate in the litigation of his own case. San Juan Star, 662 F.2d at 118. As the court recognized in San Juan Star, a party's participation in litigation is often critical to its success. Id. A trial court's unwarranted denial of a party's right of access to information obtained through litigation is such an intrusion on the right to a fair trial that such an order is immediately appealable as a collateral order under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). San Juan Star, 662 F.2d at 112.

Protective orders that limit access by a party to information made available to his counsel are almost always confined to cases involving trade secrets and other confidential research,

---

[1] Plaintiff's arguments that this Court should preclude defendants' counsel from sharing his identity with the defendants are even more illogical, given that it was defendants who provided their counsel with the plaintiff's name.

development, or commercial information.  Quotron Sys. Inc. v. Automatic Data Processing, Inc., 141 F.R.D. 37, 39 (S.D.N.Y. 1992).  Rule 26(c)(7), Fed. R. Civ. P., explicitly limits restrictions on disclosure of information to cases involving "a trade secret or other confidential research, development, or commercial information."  No equivalent provision exists for information in breach of contract and employment cases, and the identity of the plaintiff in this case does not constitute trade secrets or similar proprietary information.

There has been no showing of any need to restrict defendants' ability to discuss the information his counsel learned in this case, including plaintiff's identity, with him and there are no circumstances in this case warranting such a restriction.  Moreover, Mr. Wolf has played a critical role in this litigation from its inception, and must continue to do so.  Counsel will not understand the substance or significance of many documents in this case if they cannot discuss them, or plaintiff's identity, with Mr. Wolf.

An order that prohibits attorneys from disclosing to their clients information they have obtained in litigation puts them in an "untenable position."  See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1471 (9th Cir. 1991).  It forces the attorneys to choose between their duty to communicate important information to their clients and their duty to obey an order of the court preventing disclosure of information learned in discovery.  Precisely because such orders create ethical conflicts of interests for attorneys, courts must issue such orders only in the most limited circumstances and only where there has been a specific and factual demonstration that such an order is absolutely necessary.  See id. at 1470-71.  This Court must find that such circumstances are not met in this case, particularly where, as here, plaintiff's identity is already known to defendants.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion to seal the complaint, and should order plaintiff to comply with its November 6, 2006 Order.

    Respectfully submitted,

    /s/ Lynne Bernabei

    _____
    Lynne Bernabei, Esquire   # 938936
    Alan R. Kabat, Esquire    # 464258
    The Bernabei Law Firm, PLLC
    1775 T Street, N.W.
    Washington, D.C. 20009-7124
    tel. (202) 745-1942
    fax (202) 745-2627

    Counsel for Defendants

Dated: November 28, 2006