UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> LOUIS WOLF, ) <br> COVERT ACTION PUBLICATIONS, INC. ) <br> ) <br> Defendants. ) | Civil Action No. 1:06-CV-01645 <br> Judge Richard J. Leon |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT TO**

**SEAL THE COMPLAINT**

The plaintiff filed his complaint with a Doe pseudonym. The defendants' filed an opposition to the Doe Pseudonym filing and the Court ordered the plaintiff to file his complaint with his real name on November 6, 2006. The plaintiff filed a motion to disqualify the defendants' attorneys on November 13, 2006, and the defendants filed their opposition motion on November 15, 2006. The plaintiff attorney cited **Consolidated Theatres**, and **Westinghouse**, cases cited by numerous District Columbia cases to support his claim that the defendants attorney should be disqualified from these proceedings.

The plaintiff in his affidavit, attached to the Motion to Proceed in Pseudonym, discussed the danger to himself and his family if his actual (legal) name was released to the public.

1

See Attachment A - Affidavit of John Doe. On November 24, 2006, the plaintiff filed his complaint with his actual (legal) under seal pursuant to Local Civil Rule 5.1 (j)(1)[1].

When pleadings, motions, briefs, other documents, or testimony refer to trade secrets, work product, or settlement negotiations, the interests of the clients and the public in maintaining their confidentiality may trump another public interest that is at stake: access to materials submitted during litigation or judicial resolution of a dispute. Thus, in determining whether disclosure is appropriate, the Court should analyze the complaint in light of the competing interests and according to the factors outlined in **United States v. Hubbard**, 208 U.S. App. D.C. 399, 650 F.2d 293 (D.C. Cir. 1980). It is the plaintiff's belief that the foregoing applies with equal force in cases where the disclosure of a party's true identity to the public and/or the plaintiff or defendant could result in real danger or physical harm to the plaintiff or defendant, **Doe v. Rostker**, 89 F.R.D. 160, 162 (N.D. Cal. 1961).

---

[1] (1) Absent statutory authority, no cases or documents may be sealed without an order from the Court. Any pleading filed with the intention of being sealed shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the pleading being placed in the public record.

Because of the real danger or physical hard to the plaintiff and his family if his real name is revealed to the public or the defendants the plaintiff is seeking to restrict access to the plaintiffs' real name, to the plaintiff's and defendants' counsel, their employees and attorneys associated[2] with these counsels' law firms, and experts and consultants retained by plaintiff's and defendants' counsel in connection with this cause of action. Furthermore, the plaintiff is respectfully requesting that the decision on the plaintiff's seal document request be determined after the Court issues an opinion on the plaintiff motion to disqualify the defendants' counsel.

The defendants and the public have all known the plaintiff by a name other than John Doe for more than sixteen (16) years.[3] The defendants over sixteen (16) years ago agreed to employ the plaintiff with the understanding that the defendant would not have to reveal or provide his real (legal) name to them. That agreement did not affect the sixteen (16) year relationship the parties shared nor will it prejudicial to the defendants'

---

[2] Counsel for the parties shall limit the number of employees and attorneys having access to this complaint to those who have a reasonable need to know.

[3] The plaintiff used the same alias with both the public and the defendants.

3

ability to defend themselves if the plaintiff's real name is restricted to the defendants' and plaintiff's counsel.

The plaintiff respectfully requests that this Court Grant his motion to file the complaint with his real name under seal.

Dated: November 24, 2006

Respectfully submitted,

*/s/ John M. Green*
John M. Green, (#476592)
GILMAN & ASSOCIATES
600 Pennsylvania Ave, SE, Suite 410
Washington, D.C. 20003
(202) 547-9080

Attorney for Plaintiff