```
              SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
                            CIVIL DIVISION




- - - - - - - - - - - - - - - - x
                                 :
HEATHER COTTIN,                  :  Docket Number:  CA4952-05
                                 :
          Plaintiff.             :
                                 :
          vs.                    :
                                 :
LOU WOLF,                        :
                                 :
          Defendant.             :
                                 :  Friday, July 29, 2005
- - - - - - - - - - - - - - - - x  Washington, D.C.



     The above-entitled action came on for a hearing

before the Honorable PATRICIA A. BRODERICK, Associate

Judge, in Courtroom Number 112, commencing at 11:56 a.m.



          APPEARANCES:

          On Behalf of the Plaintiff:

          J. MICHAEL SPRINGMANN, Esquire
          Washington, D.C.

          On Behalf of the Defendant:

          ARI M. WILKENFELD, Esquire
          Washington, D.C.
```

**Deposition Services, Inc.**
6245 Executive Boulevard
Rockville, MD 20852
Tel: (301) 881-3344  Fax: (301) 881-3338
info@DepositionServices.com  www.DepositionServices.com



de

1  board members and their wives.  I think that the most
2  important thing for the purposes of what we're doing here
3  today, Your Honor, is to point out that a brief look at
4  the complaint tells us that there's no harm alleged in
5  this case which is irreparable.  90% of the relief which
6  plaintiff seeks is actual money.  Money damages, $200,000
7  for this, $3000 a week for that.  It's actual money
8  damages to the very essence of what the rules contemplate,
9  not qualifying for an injunction of any kind.  The
10 remainder of the relief, which the plaintiff seeks in this
11 case includes things like preventing the defendants from
12 erasing computers.  The damage to those computers has
13 already been done in large part.  It was not done by
14 defendants but rather by a third-party witness, the former
15 editor of the magazine, who is in this courtroom and has
16 filed a motion with the Court to have his last name
17 removed from mention in this courtroom.  So we're really
18 in a difficult spot here in terms of how to defend against
19 this lawsuit.  We don't understand the nature of the
20 claims brought against us.
21          THE COURT:  I --
22          MR. WILKENFELD:  If you look at the complaint --
23          THE COURT:  I know that you have an outstanding
24 motion to dismiss.  I'm not hearing that today because
25 it's not ripe yet.

de

1  what the regard of the magazine is by future writers or
2  present writers?  I know journalists in the Washington
3  area that told me flatly they would never write for Covert
4  Action Quarterly as long as Lou Wolf and Phil Wheaton have
5  anything at all to do with the organization.
6           THE COURT:  Okay.
7           MR. WILKENFELD:  To conclude, Your Honor, if I
8  may?  I don't mean to be glib, but by this by referencing
9  the webmaster we're now up to five unnamed parties that
10 Mr. Springmann now purports to represent.  I would
11 conclude by stating that every single thing that they
12 appear to be asking for is completely compensable.  Were
13 they ever able to prove that this is really what they're
14 entitled to?

## FINDINGS OF THE COURT

16          THE COURT:  All right thank you both.  I
17 appreciate your enthusiasm and your advocacy.  I'm going
18 to deny the motion for the preliminary injunction.  I
19 don't see that you make the very high standard that has to
20 be met.  I cannot find that there's a likelihood of
21 success on the merits for your count, based on what I've
22 heard and what's in the written motions for temporary
23 restraining order and the objections to that.  I also note
24 that preliminary injunctions are usually to preserve the
25 status quo, and the status quo is that it's already -- the

1 harm has been done.  We'd be altering it and causing
2 definite actions to be taken, if we were to change that
3 now.  So I think the harm has been done, so I can't say
4 that not granting the preliminary injunction is going to
5 cause the harm because it's already a fait accompli, so I
6 don't see that any of the three factors that I have to
7 meet for a preliminary injunction can be met at this time
8 so I'm going to deny --
9           MR. WILKENFELD:  Thank you, Your Honor.
10           THE COURT:  -- the motion for a preliminary
11 injunction at this time.
12           MR. SPRINGMANN:  Yes, Your Honor.
13           THE COURT:  Thank you, counsel,
14           MR. WILKENFELD:  Your Honor, if I may, just one
15 further issue?
16           THE COURT:  Yes.  Now your motion's still
17 outstanding, and I'm still waiting on a response.  I think
18 the return date on that was -- I don't have the --
19           MR. WILKENFELD:  A motion to dismiss was served
20 on July 22nd, Your Honor.
21           THE COURT:  Yes, so there's -- yeah the 20th
22 actually I have if I'm looking at the right case.
23           MR. WILKENFELD:  If I may address something --
24           THE COURT:  Yes.
25           MR. WILKENFELD:  -- different.  Yesterday at

de

1   5:00 p.m. we received by fax a subpoena from Mr.
2   Springmann asking that my clients produce a number of
3   documents which are then attached to the back of the faxed
4   subpoena.  The subpoena, which again, came in at 5:00
5   yesterday, sought the documents to be produced by 9:00
6   this morning.  I'd ask that --
7            THE COURT:  It's a little tough, Counsel.
8            MR. SPRINGMANN:  I realize that, Your Honor, but
9   I wanted to make sure they knew about it and we'd be happy
10  to deal with a postponement.
11           MR. WILKENFELD:  Your Honor, we ask the subpoena
12  be quashed and that in light of Mr. Springmann's actions
13  that discovery be staid until Your Honor has an
14  opportunity to look over the motion to dismiss and any
15  reply Mr. Springmann may choose to enter.
16           THE COURT:  What I'll do is I'll stay this
17  subpoena, too.  I'll just stay it all until after I've
18  ruled on the motion to dismiss.
19           MR. WILKENFELD:  Thank you, Your Honor.
20           MR. SPRINGMANN:  Yes, Your Honor.
21           (Thereupon, the hearing was concluded.)
22
23
24
25

√   Digitally signed by Dawn Eagan

## ELECTRONIC CERTIFICATE

    I, Dawn Eagan, transcriber, do hereby certify that I have transcribed the proceedings had and the testimony adduced in the case of COTTIN vs. WOLF, Case No. CA4952-05 in said Court, on the 29th day of July 2003.

    I further certify that the foregoing 19 pages constitute the official transcript of said proceedings as transcribed from audio recording to the best of my ability.

    In witness whereof, I have hereto subscribed my name, this 17th day of August 2005.

*Dawn Eagan*

Transcriber

20