UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN DOE** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**LOUIS WOLF,** )<br>**COVERT ACTION PUBLICATIONS, INC.** )<br>)<br>Defendants. ) | Civil Action No. 1:06-CV-01645<br>**Judge Richard J. Leon** |

**PLAINTIFF MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY MOTION TO DEFENDANTS' OPPOSITION MOTION TO PLAINTIFF'S MOTION TO DISQUALIFY THE DEFENDANTS' ATTORNEYS AND DEFENDANTS' ATTORNEY LAW FIRM**

The plaintiff John Doe reintegrates that his first consultation with Attorney Lynne Bernabei occurred fourteen (14)years ago. See the Attached Affidavit of John Doe, line 2. John Doe denies that Attorney Lynne Bernabei ever told him that she was Covert Action's attorney or Louis Wolf's attorney. See the Attached Affidavit of John Doe, line 4. John Doe states, "I always ask any and all lawyers if our talks are "attorney-client-privileged because his life has been in danger for two decades." See the Attached Affidavit of John Doe, line 5. John Doe claims that he talked to no other lawyer about his work place problems, vulnerabilities, and dangers to his life. See the Attached Affidavit of John Doe, line 7. Based on John Doe's two (2)affidavits and the affidavit of Attorney Lynne Bernabei a

1

Court could find that there is a conflict of interest and a violation of the rules of Professional conduct.

**ARGUMENT**

Attorney Lynne Bernabei seeks to have the plaintiff's motion to disqualify dismissed because his counsel did not comply with Local Civil Rule 7.1(m). It is counsel belief that Local Civil Rule 7.1(m) does not apply when the issues are alleged violations of the D.C. Code of Professional Conduct. Furthermore, any discussions between counsels concerning John Doe's allegation that Attorney Lynne Bernabei violated the Code of Professional Conduct ran the risk of both attorneys violating Code of Professional Conduct. Clearly local Rule 7.1(m) does not apply when a party alleges the opposing attorney has a conflict.

As the plaintiff noted in his previous motion the Court has within its inherent supervisory power the discretionary authority to oversee the professional attitudes of lawyers who appear before it. **Groper v. Taff**, 230 U.S. App. D.C. 358, 717 F.2d 1415, 1418 (D.C. Cir. 1983).[1] This supervisory power includes the authority to disqualify counsel when appropriate. Motions to disqualify are committed to the

---

[1] The District of Columbia Rules of Professional Conduct have been adopted by this Court and are applicable to all lawyers who handle litigation in this District. LCvR 83.15(a).

2

trial court's sound discretion. **Id.**; **E.E.O.C. v. Orson H. Gygi Co. Inc.**, 749 F.2d 620, 621 (10th Cir. 1984); **Trust Corp. of Montana v. Piper Aircraft Corp.**, 701 F.2d 85, 87 (9th Cir. 1983).[2] This circuit has adopted the "substantial relationship test" as a standard for attorney disqualification. **Laker Airways, Ltd. v. Pan American World Airways**, 103 F.R.D. 22, 44 (D.D.C. 1984). "The fiduciary relationship between an attorney and his client extends even to preliminary consultations between the client and the attorney regarding the attorney's possible retention. . . . All that is required . . . is that the parties, explicitly or by their conduct, manifest an intention to create the attorney/client relationship." **In re Ryan**, 670 A.2d 375, 379 (D.C. 1996).

## CONCLUSION

This Court should conclude that the defendants' attorneys and law firm should be disqualified from these proceedings, the defendants attorneys and law firm should be forbidden from sharing their work product developed for these proceedings, and sharing the confidential information disclosed by plaintiff to any other attorney, law firm, or any third party, or defendants.

---

[2] Implicit in 28 U.S.C.S. § 1291 is Congress' judgment that the district judge has primary responsibility to police the prejudgment tactics of litigants.

The Court for all of the reasons set forth above should GRANT the plaintiff's motion to disqualify the defendants' attorneys and defendants' attorney law firm.

Dated: November 29, 2006

        /s/ John M. Green
John Green, (#476592)
GILMAN & ASSOCIATES
600 Pennsylvania Ave., SE, Suite 410
Washington, D.C. 20003
(202)547-9080

Attorneys for Plaintiff