IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:06-CV-01645 |
| | ) Judge Richard J. Leon |
| LOUIS WOLF, *et al.*, | ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants Louis Wolf and Covert Action Publications, Inc. ("Covert Action"), by and through undersigned counsel, respectfully submit their Reply Brief in support of their Motion to Dismiss Plaintiff's Complaint. As set forth below, and in defendants' motion, this Court must dismiss Plaintiff's Complaint because Plaintiff has failed to state a claim upon which relief can be granted as a matter of law, Fed. R. Civ. P. 12(b)(6), and has failed to satisfy subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1). Plaintiff's opposition fails to address, let alone rebut, the legal arguments set forth in defendants' motion, and improperly attempts to amend the complaint through introducing new evidence that is irrelevant or incorrectly characterized.

**I.    PLAINTIFF HAS CONCEDED COUNTS 3-4, 8, AND 16.**

Defendants moved to dismiss all sixteen counts in Plaintiff's Complaint (Counts X through XVI were incorrectly numbered as IX through XIV, with two "Count IX" and two "Count XIV"). Plaintiff's opposition does not address Counts 3-4 (Breach of the Covenant of Good Faith and Fair Dealing, against both defendants); Count 8 (Promissory Estoppel, against Mr. Wolf); and Count 16 (Negligent Infliction of Emotional Distress, against both defendants). It is settled law that when a defendant raises a particular defense in a dispositive motion, and the

plaintiff fails to respond to that defense, then the plaintiff has conceded the defense. Stephenson v. Cox, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case"). This Court must find that plaintiff has conceded Counts 3, 4, 8, and 16, and must dismiss those counts.

## II. PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT TO STATE ANY CLAIM AGAINST DEFENDANTS.

Plaintiff's Opposition ("Pl. Opp.") fails to address the central issue raised in defendants' motion: that plaintiff has failed to plead any factual allegations regarding any of defendants' acts that would allow this Court to grant plaintiff relief on any of his claims. A plethora of conclusory allegations and unsupported inferences cannot rescue plaintiff's Complaint. Mountain States Legal Found. v. Bush, 306 F.3d 1132, 1134-35 (D.C. Cir. 2002).

### A. Plaintiff Improperly Attempted to Amend His Complaint Through His Opposition to Defendants' Motion to Dismiss.

This Court must find that the plaintiff has improperly attempted to amend his complaint by raising new allegations in his opposition to defendants' motion to dismiss:

> Nor will the Court permit plaintiffs to supplement the bare and insufficient allegations in their complaint with additional assertions from their brief. It is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."

Jung v. Association of Am. Medical Colleges, 300 F. Supp. 2d 119 (D.D.C. 2004) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).

Plaintiff has attempted to introduce a plethora of new allegations in his opposition, and through various exhibits attached thereto. It would require defendants to exceed the page limits by a substantial margin to address each of those new allegations, nor is it proper for this Court to

consider those new allegations. However, even a cursory review of those new allegations reveals that plaintiff has misrepresented several "key" allegations.

For example, plaintiff makes much of the "admissions" in the complaint filed by Heather Cottin, a former board member of Covert Action. See Pl. Opp. at 5. However, Ms. Cottin was suing Covert Action. Hence, the allegations in Ms. Cottin's complaint cannot be binding on Covert Action, the defendant in her lawsuit, and certainly do not constitute "admissions" on the part of Covert Action. Plaintiff also makes much of Ms. Cottin's litigation of her lawsuit in the D.C. Superior Court – which included a claim on behalf of Habib Gharib, the plaintiff in this case – but fails to acknowledge that Ms. Cottin dismissed her entire lawsuit after two Superior Court judges denied her motion for a temporary restraining order and her motion for a preliminary injunction. See Praecipe (July 29, 2005) (Def. Mot., Ex. 3).

Plaintiff's reliance on an affidavit filed by Philip Wheaton in the Cottin case, see Pl. Opp. at 10, fails to inform this Court that Mr. Wheaton said that the plaintiff's claim was resolved:

> During this meeting, I learned, among other things, that on three separate occasions Ms. Neuman [Mr. Wolf's spouse] had paid $9,000 to Habib to resolve his backpay claim. Habib received the money and expressed to Ms. Neuman that his claim had been satisfied.[1]

See Declaration of Philip Wheaton, at ¶ 10 (July 19, 2005) (attached as Exhibit 2 to Pl. Opp.). Hence, Mr. Wheaton did not express any belief or understanding that plaintiff (Habib) was still owed any money. Thus, even if this Court were to consider Mr. Wheaton's declaration, it must find that it does not support plaintiff's position, but instead supports defendants' position.

---

[1] "Habib" is the John Doe plaintiff in the litigation pending before this Court.

3

### B. The Statute of Frauds Bars Plaintiff's Contractual Claims Since the Alleged Oral Employment Contract Was For a Fixed Term of Ten Years.

Plaintiff's argument regarding the statute of frauds (Pl. Opp. at 14) is incorrect as a matter of law, since an oral employment contract for a fixed term of years is unenforceable under the statute of frauds. It is settled law that only if an oral contract is for permanent or lifetime employment can it be excluded from the statute of frauds. Hodge v. Evans Fin. Corp., 823 F.2d 559, 562-65 (D.C. Cir. 1987) (collecting cases). The D.C. Circuit explained that if an oral contract for employment was for a fixed time period exceeding one year, then it would be unenforceable under the statute of frauds:

> Further, in both *Prouty* and *Gebhard,* plaintiffs alleged that the oral employment contracts at issue guaranteed them employment for a specified period of time-until they reached the age of sixty-five. See [*Prouty v. National R.R. Passenger Corp.,* 572 F. Supp. 200, 204 (D.D.C. 1983); *Gebhard v. GAF Corp.,* 59 F.R.D. 504, 506 (D.D.C. 1973)]. In neither case did the alleged contract provide for indefinite, lifetime or permanent employment. Under the conventional view of the statute [of frauds], **an oral employment contract for a stated, definite term of years exceeding one year** (like those alleged in *Prouty* and *Gebhard*) **is unenforceable** on the rationale that the employee's possible death within one year would "defeat" rather than "complete" the express terms of the contract.

Id. at 563 (emphasis added). Here, plaintiff expressly pled that the alleged oral contract was for a fixed term of ten years. See Pl. Compl., at ¶ 24 ("ten (10) consecutive years"); ¶ 34 ("ten (10) year promise"); ¶ 35 (same); ¶ 92 ("ten (10) years of full time paid employment"); ¶ 96 (same); ¶ 125 (same); and ¶ 143 ("ten (10) year employment promised [*sic*] made by defendant"). Plaintiff's allegations thus squarely bring the oral contract within the statute of frauds, D.C. Code Ann. § 28-3502, and preclude him from receiving any recovery on his contract claims.

### C. Plaintiff's Remaining Claims Must Be Dismissed Pursuant to Rule 12(b)(6) Because They Fail To State A Claim Upon Which Relief Can Be Granted.

This Court must dismiss plaintiff's remaining claims, since plaintiff failed to address the legal authority cited by defendants, and has failed to show that his allegations are sufficient to state his claims against defendants, as required to satisfy plaintiff's burden.  As a threshold matter, plaintiff fails to address the holdings of any of the cases cited by defendants with regard to their arguments that the complaint should be dismissed under Rule 12(b)(6) for failure to state a claim.  Compare Def. Mot. at 7-23 (citing numerous cases) with Pl. Opp. at 15-21 (citing no cases).  Instead, plaintiff's analysis of his claims is conclusory, bereft of any legal support, and almost incomprehensible in places.  Judge Kessler recently stated, in attempting to interpret the incomprehensible pleadings and briefs filed by another plaintiff, that:

> Throughout this litigation, Plaintiff's pleadings and papers have been poorly drafted and, in some cases, totally incomprehensible. . . . the Court has had great difficulty figuring out what Plaintiff is actually challenging because her counsel's papers are so confusing and badly written.  Plaintiff's counsel has failed to adequately set forth the facts of the case and to directly and clearly oppose Defendant's arguments.

Coleman v. District of Columbia, C.A. No. 04-1325 (GK), 2006 WL 2434926, at *1 n.6 (D.D.C. Aug. 22, 2006).  Defendants' counsel has similarly struggled to interpret plaintiff's incomprehensible complaint and briefs filed with this Court, which fail to satisfy plaintiff's burden under Rules 7(b)(1), 8 and 12(b)(6).

    (1)    Plaintiff's claims for Breach of Expressed Contract (Counts 1-2) must be dismissed pursuant to Sisco v. GSA Nat. Capital Fed. Credit Union, 689 A.2d 52, 56 (D.C. 1997) and Sims v. Westminster Investing Corp., 648 A.2d 940, 942 (D.C. 1994), because plaintiff failed to plead his obligations under the contract, and failed to plead the income that Defendants

allegedly promised to pay him during most of the time period in question. Further, any recovery would have to be limited to the period from September 19, 2003 through June 2005 (when plaintiff was terminated), under the three year statute of limitations, D.C. Code § 12-301(7).[2] Plaintiff failed to address these cases or legal principles, and this Court must find that he has failed to state a claim for breach of contract.

  (2) Plaintiff's claims for Breach of Implied Contract (Counts 5-6) and for Promissory Estoppel (Counts 7 and 9) must be dismissed because the alleged contract is unenforceable under the D.C. Statute of Frauds, D.C. Code § 28-3502, since it was an oral contract for a fixed period of ten (10) years. Hodge, 823 F.2d at 563. Plaintiff's briefing on the statute of frauds failed to differentiate between unenforceable contracts for a fixed term and those that are for lifetime or permanent employment (Pl. Opp. at 14), and this Court must find that he has failed to state a claim for breach of implied contract or for promissory estoppel.

  (3) Plaintiff's claim for Conversion (Count 10) must be dismissed because plaintiff failed to plead any facts supporting an allegation that Covert Action exercised unlawful control over plaintiff's personal property, as required under Equity Group, Ltd. v. Painewebber Inc., 839 F. Supp. 930, 933 (D.D.C. 1993) and Furash & Co., Inc. v. McClave, 130 F. Supp. 2d 48, 58 (D.D.C. 2001). Instead, plaintiff alleged that Covert Action hired him to use Covert Action's resources to help produce Covert Action's publications, so that any work done by plaintiff was the property of Covert Action, not plaintiff, under the work for hire doctrine. Plaintiff's briefing on the conversion claim failed to address these legal arguments, and this Court must find that he

---

[2] As set forth in Part III, *infra*, the result of applying the statute of limitations is that plaintiff's maximum possible recovery is well below the $75,000 threshold for this court to exercise jurisdiction over plaintiff's contractual claims for alleged unpaid wages.

has failed to state a claim for conversion.

(4) Plaintiff's claim for Breach of Quasi-Contract (Counts 11 and 12) must be dismissed because plaintiff failed to plead any facts supporting an allegation that defendants "were unjustly enriched at his expense," as required under News World Communications, Inc. v. Thompsen, 878 A.2d 1218, 1222 (D.C. 2005). Further, any recovery would have to be limited to the period from September 19, 2003 through June 2005 (when plaintiff was terminated), under the three year statute of limitations, D.C. Code § 12-301(7).[3] Plaintiff failed to address these cases or legal principles, and this Court must find that he has failed to state a claim for breach of quasi-contract.

(5) Plaintiff's claim for Punitive Damages (Count 13) must be dismissed because plaintiff has conceded that this is not a separate claim, but is a remedy for his intentional infliction of emotional distress claim. See Pl. Opp. at 19. Plaintiff failed to address defendants' legal authority for the proposition that punitive damages are not a cause of action, but merely a type of relief, International Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am., 81 F. Supp. 2d 70, 74 (D.D.C. 2000), and this Court must find that he has failed to state a claim for punitive damages.

(6) Plaintiff's claim for Slander (Count 14) must be dismissed because plaintiff failed to plead any facts showing that the alleged statements were false, or were made to non-privileged parties, as required under Clawson v. St. Louis Post-Dispatch, LLC, 906 A.2d 308, 312-13 (D.C. 2006) and Black v. National Football League Players Ass'n, 87 F. Supp. 2d 1, 6 (D.D.C. 2000).

---

[3] As set forth in Part III, *infra*, the result of applying the statute of limitations is that plaintiff's maximum possible recovery is well below the $75,000 threshold for this court to exercise jurisdiction over plaintiff's contractual claims for alleged unpaid wages.

Further, plaintiff has failed to plead any facts showing that the statements were not made in the course of, or preliminary to, judicial proceedings. Arneja v. Gildar, 541 A.2d 621, 623 (D.C. 1988) (citing Restatement (Second) of Torts § 586 (1977)); Global Van Lines, Inc. v. Kleinow, 411 A.2d 62 (D.C. 1980). Plaintiff failed to address these cases, and this Court must find that he has failed to state a claim for slander.

(7) Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") (Count 15) must be dismissed because plaintiff failed to allege any conduct by defendants that was "extreme and outrageous" and which caused him "severe emotional distress" as required under Sere v. Group Hospitalization, Inc., 443 A.2d 33, 37 (D.C. 1982) (quoting Restatement (Second) of Torts § 46 (1965)) and Kerrigan v. Britches of Georgetowne, Inc., 705 A.2d 624, 628 (1997). Plaintiff has failed to address this legal authority, and has failed to explain how the conduct he alleges satisfies the particularly stringent pleading requirements as established by the D.C. Court of Appeals, and this Court find that he has failed to state an IIED claim.

### III. PLAINTIFF'S ALLEGATIONS FAIL TO SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT FOR DIVERSITY JURISDICTION.

Even if this Court were to find that plaintiff had stated some of his contractual claims, it must still find that the statute of limitations requires a finding that his allegations fail to plead damages in excess of $75,000, so that this Court lacks jurisdiction over plaintiff's claims, pursuant to 28 U.S.C. § 1332(a).

Plaintiff failed to address defendants' calculations of his actual damages for the period within the statute of limitations (September 19, 2003 through June 2005), see Def. Opp. at 23-26, and instead made the conclusory statement that "it is more than evident that the Plaintiff John Doe claims far exceed the $75,000 threshold." See Pl. Opp. at 21. Even if this Court were to

consider the additional evidence and allegations that plaintiff has attempted to introduce in his opposition, it must still find that he has failed to allege unpaid wages in excess of $75,000. Defendants originally calculated (assuming plaintiff's allegations in his complaint) that plaintiff had been paid $25,333 and was owed at most $28,467 for the period allowable under the statute of limitations. See Def. Opp. at 25. Based on the new allegations in plaintiff's opposition, it appears that plaintiff now claims he was paid $39,000 (based on his argument that his income was $48,000 per year), but is only owed $53,000, as set forth in the chart below:

| | 2003 | 2004 | 2005 | 2006 | Total |
|---|---|---|---|---|---|
| **Motion to Dismiss** | | | | | |
| Income | $9,800 | $36,000 | $18,000 | $0 | $63,800 |
| Paid | $6,333 | $16,000 | $3,000 | $0 | $25,333 |
| Owed | $3,467 | $20,000 | $15,000 | $0 | **$38,467** |
| **Opposition - $48,000 per year** | | | | | |
| Income | $15,000 | $48,000 | $24,000 | $0 | $87,000 |
| Paid | $20,000 | $16,000 | $3,000 | $0 | $39,000 |
| Owed | $0 | $32,000 | $21,000 | $0 | **$53,000** |

Even if this Court were to consider plaintiff's new allegations, it must still find that plaintiff has failed to allege facts sufficient to allow this court to exercise jurisdiction over his claims. Judge Posner recently noted, in discussing the need for the parties to properly allege the jurisdiction of the federal courts, that:

> But the fact that limits on subject-matter jurisdiction are not waivable or forfeitable – that federal courts are required to police their jurisdiction – imposes a duty of care that we are not at liberty to shirk.

Smoot v. Mazda Motors of Am., ___ F.3d ___, 2006 WL 3423140, at *3 (7th Cir. Nov. 29, 2006). In Smoot, the failure to properly recognize the requirements for diversity jurisdiction was held to be sanctionable conduct. Id. at *2 ("We direct the parties to show cause within 10 days to why counsel should not be sanctioned for . . . mistaking the requirements of diversity

jurisdiction."). This Court must find that even though plaintiff's complaint includes various numbers for damages, "recovering that amount would be legally impossible." Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)). Hence, even if this Court were to give credence to plaintiff's allegations as to the damages that he claims for unpaid wages during the period covered by the three-year statute of limitations, it must still find that those damages do not come close to satisfying the statutory requirements for the exercise of diversity jurisdiction over plaintiff's claims, and must dismiss the plaintiff's complaint.

### IV.     CONCLUSION.

For the foregoing reason, and those set forth in Defendants' motion to dismiss, Defendants request that this Court dismiss all of Plaintiff's claims.

                                                Respectfully submitted,

                                                /s/ Lynne Bernabei

                                                _____
                                                Lynne Bernabei, Esquire     # 938936
                                                Alan R. Kabat, Esquire      # 464258
                                                The Bernabei Law Firm, PLLC
                                                1775 T Street, N.W.
                                                Washington, D.C.  20009-7124
                                                tel. (202) 745-1942
                                                fax (202) 745-2627

                                                Counsel for Defendants

Dated:  December 8, 2006