UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____
)
)
**JOHN DOE** )
)
          Plaintiff, )
v. ) Civil Action No. 1:06-CV-01645
) Judge Richard J. Leon
**LOUIS WOLF,** )
**COVERT ACTION PUBLICATIONS, INC.** )
)
          Defendants. )
_____)

**PLAINTIFF'S REPLY MEMO OF LAW IN SUPPORT OF PLAINTIFF'S REPLY MOTION IN OPPOSITION TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S <u>MOTION TO SEAL THE COMPLAINT</u>**

<u>BACKGROUND</u>

As noted in the pleadings and defendants' admissions the plaintiff has worked for the defendants for fifteen (15) years. The plaintiff John Doe and the defendants entered into an agreement fifteen (15) years ago in which plaintiff agreed to work for the defendants under the condition that he not reveal his real name to the defendants. The defendants over the past fifteen (15) years have introduced John Doe to employees, staff members, customers, clients, writers and photographers for the magazine, and the public as Habib.[1] The man, the employee, the staff member, and confidant was known to all as Habib. The fact that Louis Wolf did not know John Doe's real name, or where he

---

[1] See the defendants' opposition to plaintiff's motion to disqualify in which Attorney Lynne Barnebei admits that she knew John Doe as Habib yet that had no effect on their attorney-client or social relationship.

1

lived, or how to get in contact with John Doe did not prevent Louis Wolf from entering into an agreement with John Doe to assist him in regaining control of Covert Action Publication in exchange for 10 years of employment later changed to lifetime employment. When John Doe fully performed his part of the bargain Louis Wolf did not object to John Doe's full performance because he did not know John Doe's real name. Furthermore, the fact that Covert Action Publication did not know John Doe's real name, or where he lived, or how to get in contact with John Doe did not prevent Covert Action Publication from hiring John Doe as Editor of their magazine. For either of these defendants to claim that they need to know the plaintiff's real name to defend against his complaint is totally inconsistence with the contracts and agreements the parties entered into with John Doe when they knew that Habib was not John Doe's real name.

This Circuit Court and other Circuit Courts are well aware of how counties like Iran deal with their citizens that live outside of Iran that speak out against their policies. As a matter of fact we have to go no further than the incident in England involving a Russian citizen. As noted in John Doe's Affidavit Iranian citizens have been killed in the local area and other places in the world. The method used in the killing of Iranian citizens is a calling card that is meant to sent a message to the Iranian Community that the Iranian Government was

involved in the killing and they are watching their activities.

What is different about this case is that an American citizen does not put his life, or the lives of his family members, or the lives of his associates or friends in danger when they file and pursue a civil action. As more and more individuals like John Doe make the United States their home our Courts should be sensitive to their plight and balance the privacy interest of individuals like John Doe, that there is a possibility of irreparable harm to them and their family and others, and the strong presumption in favor of public access to judicial proceedings in favor of protecting the party or parties from harm.

The plaintiff believes that the Hubbard factors favor sealing the plaintiff's complaint containing his real name.

## **LEGAL STANDARD**

Rule 10 of the Federal Rules of Civil Procedure and this Court's Local Civil rules require "the complaint title of the action shall include the names of all the parties;" the Local Rules require that the "first filing on behalf of a party shall have in the caption the name and full residence address of the party." LCvRs 5.1(e)(1), 11.1. Neither these rules or this Court's order that plaintiff amend his complaint so as to include his real name preclude the plaintiff from requesting that the amended complaint be filed under seal. LCvRs 5.1(j)(1)

allows for the filing of documents under seal.[2]

This Circuit has long held that there is a "strong presumption in favor of public access to judicial proceedings." **Johnson v. Greater Southeast Community Hosp. Corp.**, 293 U.S. App. D.C. 1, 951 F.2d 1268, 1277 (D.C. Cir. 1991). The following six factors are to be considered when determining whether and to what extent a party's interest in privacy or confidentiality of its processes outweighs this strong presumption in favor of public access to judicial proceedings. As the Court explained in **Hubbard**, this presumption can be overcome based on the following six factors:

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the documents;

(3) the fact that someone has objected to disclosure, and the identity of that person;

(4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

---

[2] Absent statutory authority, no cases or documents may be sealed without an order from the Court. Any pleading filed with the intention of being sealed shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the pleading being placed in the public record.

(6) the purposes for which the documents were introduced during the judicial proceedings.

**United States v. Hubbard**, 208 U.S. App. D.C. 399, 650 F.2d 293, 317-322 (D.C. Cir. 1980).

The Plaintiff believes the facts of this case support sealing the complaint.

### DISCUSSION

The Plaintiff understands that when the Court considers a motion to seal a document or documents there is a "strong presumption in favor of public access to judicial proceedings and the Court is to use the six (6) **Hubbard** Factors to analyze the request to seal a document.

A discussion of the six (6) **Hubbard** follows:

Factor 1 - the need for public access to the documents at issue

The plaintiff has provided affidavits to the Court delineating the dangers to himself and his family if his real name is released to the public. The defendants and members of the public that know John Doe as Habib have accepted him as member of the community and have not found a need or an requirement to obtain John Doe's real name. It is questionable that providing the plaintiff's real name to the defendants and the public would result in nothing more than the defendants and the public removing the Habib label from the plaintiff and

5

replacing it with the plaintiff's real name.

It is the plaintiff's belief that in those cases where the party in a civil matter is being sought by a country in which they have been put on a list for death and there is a possibility of irreparable harm to the party the need for the public's access to the documents at issue must give way to the prevention of harm to the party.

Factor 2 - the extent of previous public access to the documents

The plaintiff filed his complaint in September 2006. Both the defendants and the public have had access to the complaint without the plaintiff's real name since that date. Those members of the public familiar with the defendants and the plaintiff know John Doe to be Habib. To date the public, the defendants, and the defendants' attorneys have not seen the plaintiff's amended complaint with his real name.

Factor 3 - the fact that someone has objected to disclosure, and the identity of that person

The plaintiff filed a motion to file his complaint under seal after the Court ordered him to file the complaint under his real name. The defendants have objected to the plaintiff filing the amended complaint under seal. The basis for the defendants objection is that defendant Louis Wolf will be unable to review the documents containing the plaintiff's real name. Other than

6

the plaintiff interactions with state and federal entities the plaintiff has never publically used his real name so the defendant Louis Wolf claim is illusionary at best. Furthermore, as noted above all of the documents in the possession of the defendants refer to the plaintiff as Habib or some other noun or pronoun. All of the witness that either party will call to testify know the plaintiff John Doe as Habib.

Whether the defendants' attorney will seek documents containing the plaintiff's real name from state and federal entities is a decision the defendants' attorney or attorneys have to make. But even if the defendants' attorney or attorneys were able to obtain documents from state and federal entities defendant Louis Wolf would not be needed for the attorney or attorneys to ascertain their relevancy if any to defending the plaintiff's claims.

Factor 4 - the strength of any property and privacy interests asserted

There is "a possibility of irreparable harm" to the plaintiff, his family in Iran, and those associated with him here in the United States if his real name was released in the complaint to the defendants and the public. As noted above the defendants and the public have only known John Doe as Habib. The use of the name of Habib has protected the plaintiff, his family, and those he associated with from harm from the Iranian

7

Government for almost two decades. The possibility of irreparable harm to the plaintiff, his family in Iran, and those associated with him are strong and significant privacy interests that must be protected.

The decision to engage in civil litigation should not be a death sentence to anyone residing in the United States.

Factor 5 - the possibility of prejudice to those opposing disclosure

None of the transactions between the plaintiff and the defendants involved the plaintiff's real name. All of the transactions between the plaintiff and the defendants involved the employee and/or individual Habib (Plaintiff John Doe). Contrary to the defendants claims, the only documents in existence in this country that contain the plaintiff's real name are Governmental documents. The plaintiff doubt that the Governmental records containing his real name are relevant to these proceeding, but even if they were defendant Wolf's input would not be needed to ascertain the relevancy or evidential value of said documents.

As noted above all of the documents in the possession of the defendants that memorialize the fifteen (15) year relationship between themselves and the plaintiff refer to the plaintiff as Habib (John Doe). Since the plaintiff's motion to place the complaint under seal requests that the complaint

8

containing his real name not be provided to the defendants or defendants counsel until the Court decides the disqualification issue.

After the disqualification issue is decided the defendants' counsel will have access to the complaint with the plaintiff's real name. These defendants know John Doe as Habib and the defendants will use their knowledge of Habib to assist their counsel in defense of John Doe's claims. The defendants' counsel will have John Doe's real name and they will use that knowledge coupled with the defendants knowledge of John Doe as Habib to defend against John Doe's complaint.

Based on the facts of this case withholding the plaintiff's real name from the defendants will have no prejudicial affects on the defendants ability to conduct discovery, file pleadings, and prepare for trial.

Factor 6 - the purposes for which the documents were introduced during the judicial proceedings.

The plaintiff introduced his complaint so as to obtain monies due him for work he performed for the defendants in which he was either not paid or not fully paid and damages if applicable. The complaint filed as John Doe and later amended with his real name are identical except for one complaint has the plaintiff's real name and the other does not.

9

For all of the reasons set forth above the plaintiff believes that it would be reasonable for the Court to seal the Complaint with the plaintiff's real name and limit access to the sealed complaint to the attorneys of the parties.

## CONCLUSION

The sealing of the Complaint does not affect the defendant's rights or ability to litigate this matter, and the sealing of the complaint protects legitimate privacy interests of the plaintiff. The **Hubbard** factors favors the sealing of the complaint and Granting the plaintiff's motion to seal the complaint.

Dated: December 10, 2006


Respectfully submitted,


_____/s/ John M. Green_____
John M. Green, (#476592)
GILMAN & ASSOCIATES
600 Pennsylvania Ave, SE, Suite 410
Washington, D.C. 20003
(202) 547-9080

Attorney for Plaintiff

10