IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:06-CV-01645 |
| | ) Judge Richard J. Leon |
| LOUIS WOLF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR RECONSIDERATION</u>**

Defendants Louis Wolf and Covert Action Publications, Inc., through undersigned counsel, respectfully submit their Opposition to Plaintiff's Motion for Reconsideration.

As set forth in the attached memorandum, plaintiff John Doe (a/k/a/ Habib Gharib) has failed to allege any grounds to satisfy his burden of showing that this Court should reconsider its Order of December 18, 2006, which denied plaintiff's motion to seal his complaint. Instead, plaintiff has improperly used his motion for reconsideration as an attempt to amend the allegations in his complaint in order to survive defendants' motion to dismiss.

Further, plaintiff's counsel has, for the second time, failed to comply with Local Civil Rule 7.1(m), thereby burdening this Court with a legally unsupportable motion.

Respectfully submitted,

/s/ Lynne Bernabei

_____
Lynne Bernabei, Esquire     # 938936
Alan R. Kabat, Esquire      # 464258
The Bernabei Law Firm, PLLC
1775 T Street, N.W.
Washington, D.C. 20009-7124
tel. (202) 745-1942
fax (202) 745-2627

Counsel for Defendants

Dated: January 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-01645 |
| ) | Judge Richard J. Leon |
| LOUIS WOLF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants respectfully request that this Court deny plaintiff's motion for reconsideration of the December 18, 2006 Order denying plaintiff's motion to file his complaint under seal.

First, plaintiff failed to comply with Local Civil Rule 7.1(m), since counsel filed the motion without discussing the proposed motion with defendants' counsel. This is the second time in this litigation that plaintiff's counsel has failed to comply with this Rule.

Second, plaintiff's counsel failed to ensure that his reply brief was properly docketed with this Court, or served on defendants' counsel, and failed to notify the Court of any delays in the electronic filing of his reply brief during the full week that lapsed between the attempt to file the reply brief on December 10, 2006, and this Court's December 18, 2006 Order.

Third, plaintiff's motion fails to satisfy any of the criteria for granting a motion for reconsideration. Plaintiff's motion is merely an attempt to reargue facts and theories that this Court has previously rejected, not once, but twice. Plaintiff's motion does not identify any new facts or clear errors of law that could compel a change in this Court's ruling. Further, plaintiff's motion impermissibly attempts to amend his Complaint by changing the allegations regarding the

term of his alleged oral employment contract in an attempt to avoid dismissal, pursuant to Rule 12(b)(6), under the statute of frauds which renders unenforceable oral employment contracts of a fixed term of years exceeding one year.

> **I.     This Court Must Deny Plaintiff's Motion for Reconsideration Because Plaintiff's Counsel's Failed to Comply With Local Civil Rule 7.1(m).**

As a threshold matter, this Court must deny plaintiff's motion for reconsideration, because plaintiff's counsel failed to comply with Local Civil Rule 7.1(m), which imposes a non-waivable duty on the moving party to discuss the proposed motion with the non-moving party:

> Before filing any nondispositive motion in a civil action, **counsel shall discuss the anticipated motion with opposing counsel,** either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement.  **A party shall include in its motion a statement that the required discussion has occurred, and a statement as to whether the motion is opposed.**

LCvR 7.1(m) (emphasis added).  Here, plaintiff's counsel made no attempt to contact defendants' counsel, whether by letter, facsimile, or electronic mail, to discuss the proposed grounds for the motion for reconsideration.  Nor did plaintiff's counsel include the required 7.1(m) statement in its motion for reconsideration.[1]  This is the second time that plaintiff's counsel has failed to comply with Rule 7.1(m).  See Defendants' Opposition to Plaintiff's Motion to Disqualify, at 1-3 (Nov. 15, 2006) (Doc. No. 20).  This Court should not condone plaintiff's inexcusable failure to comply with Rule 7.1(m), particularly where, as here, that issue has been thoroughly briefed by defendants.  Id.

---

[1] Plaintiff's motion is a non-dispositive motion, since it would not "result either in the determination of a particular claim on the merits or elimination of such a claim from the case," Niedermeier v. Office of Max Baucus, 153 F. Supp. 2d 23, 26 (D.D.C. 2001), as for a dispositive motion.

The courts have not hesitated to deny or strike motions that failed to comply with this rule.  See, e.g., United States *ex rel.* Tennessee Valley Marble Holding Co. v. Grunley Construction, 433 F. Supp. 2d 104, 112 (D.D.C. 2006) (motion "denied as premature for failing to confer with defendant Atlantic's counsel before filing the motion"); *In re* Verizon Internet Serv., Inc., 217 F.R.D. 239, 240 (D.D.C. 2003) (striking motion, because "I expect counsel to be more familiar with the local rules"); Sokos v. Hilton Hotels Corp., 283 F. Supp. 2d 42, 55-57 (D.D.C. 2003) (imposing monetary sanctions for failure to comply with Rule 7.1(m)); Alexander v. FBI, 186 F.R.D. 197 (D.D.C. 1999) ("The uncontroverted facts pertaining to plaintiff's earlier motion establish that plaintiffs' counsel did not meet the requirements of this rule.").

As Judge Walton explained, the purpose of Rule 7.1(m) is to avoid burdening the court with frivolous motions:

> Had plaintiffs' counsel conferred with the defendants' counsel prior to filing the Motion for Sanctions, **the Court is confident that the plaintiff's counsel would have been advised by defense counsel that there was no legal basis for filing the motion.** . . . Therefore, because plaintiff's counsel filed the Motion for Sanctions without a legal basis for doing so, and **because he failed to comply with this Court's local rules, which would have presumably prevented the filing of this clearly frivolous motion and avoided the need for the defendants' counsel to expend the time and effort to respond to it, the Court found that it was appropriate to impose [monetary] sanctions on plaintiff's counsel** so that the defendants can be reimbursed for the costs associated with the preparation and filing of the opposition.

Sokos, 283 F. Supp. 2d at 55 (emphasis added).  Hence, Judge Walton imposed monetary sanctions on plaintiff's counsel, awarding defendants the attorneys' fees and costs incurred in responding to the motion in question.  Id.

Similarly, Judge Lamberth explained that this Rule is designed to allow the parties to resolve, or at least narrow, the disputed issues before seeking judicial intervention:

3

> **The entire purpose of the meet-and-confer rule is** to force litigants to attempt to resolve, or at least narrow, the disputed issues **to prevent the unnecessary waste of time and effort on any given motion.**  The purpose of the rule is not to simply determine whether the motion will be opposed.

Alexander, 186 F.R.D. at 199 (emphasis added) (applying former Local Rule 108(m), the predecessor to LCvR 7.1(m)).  Thus, Judge Lamberth explained that the failure to comply with this Rule was unjustifiable:

> Plaintiffs' counsel should take great care to ensure that Local Rule [7.1(m)] does not become an issue again.  There can be no substantial justification for filing a nondispositive motion in the manner described in this opinion or in any other way that clearly violates the local rules of this court.

Id.  This Court should similarly find that plaintiff's counsel's failure to make any attempt to comply with Rule 7.1(m) before filing the motion for reconsideration was unjustified, and warrants denial or striking of the motion, and imposition of sanctions on plaintiff's counsel.

> II.   **Plaintiff's Motion for Reconsideration Is Caused Solely By Plaintiff's Counsel's Failure to Monitor the Docket in This Litigation and Counsel's Failure to Ensure the Docketing and Service of Plaintiff's Reply Brief.**

This Court must find that plaintiff's counsel's failure to monitor the docket in this litigation, and his failure to ensure the proper docketing of his reply brief, are the sole factors necessitating his motion for reconsideration.  However, counsel's errors are, as a matter of law, a legally insufficient basis for granting his motion for reconsideration.

Plaintiff argues that his inability to file the reply brief on December 10, 2006, through this Court's electronic case filing (ECF) system, required him to file a paper copy with the clerk's office at around 11:55 p.m. on December 10, 2006, accompanied by a CD-ROM of that reply brief.  See Pl. Mot. at 1 & Att. A.  Plaintiff further asserts that he "encountered errors from the Court's file server."  Id.  However, a review of plaintiff's exhibit reveals that the error code is

4

specified as being "An internal error has occurred [-] the error code is 24.pos 236." Id. Att. A. This error code is caused by nothing more than an attempt to file a pleading at a time when this Court's server is doing its late-night backup. See U.S. District Court for the District of Columbia, "Notice" (Jan. 4, 2007) ("If you receive an error code 24.-pos 236, when filing, you are probably filing late night when the system is doing backup.") (attached and incorporated herein as Exhibit A). As this Court explained, an attorney need only "wait about five minutes and try your login and password again." Id.

Here, however, plaintiff's counsel made no attempt to re-file his reply brief with this Court's ECF system. Instead, he merely filed a paper copy with CD-ROM with the Clerk's office. Morever, he did not serve that reply brief on defendants' counsel, whether by e-mail, facsimile, postal mail, or hand delivery, as he was obligated under Rule 5(b)(3), Fed. R. Civ. P. ("Service by electronic means . . . is not effective if the party making service learns that the attempted service did not reach the person to be served.").

Finally, although plaintiff's counsel avers that he provided the clerk's office with a CD-ROM containing the reply brief, see Pl. Mot. at 1, he made no attempt to monitor the docket to ensure that the reply brief was electronically filed by the clerk's office, even though counsel had a full week — from December 11 to December 18, 2006, to ensure that his reply brief was docketed. The D.C. Circuit recently affirmed the denial of a motion to amend or alter judgment, where the plaintiff's counsel asserted that he failed to receive an ECF notice of the defendant's motion to dismiss. The court stated that the plaintiff's counsel "remained obligated to monitor the court's docket" in his client's case, in order to remain informed of pleadings. Fox v. American Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004). Similarly, Mr. Doe's counsel

5

was obligated to monitor the docket to determine whether his reply brief was docketed by the clerk's office, after his attempt to electronically file was unsuccessful.  For example, he could have sought leave to re-file the reply brief *nunc pro tunc*, or could have contacted the clerk's office to inquire as to the docketing of his reply brief.  Instead, counsel did nothing, and his inaction is an insufficient basis for this Court to grant plaintiff's motion for reconsideration.  Fox, 389 F.3d at 1296 (affirming district court's denial of plaintiff's motion, given that plaintiff's failure to ensure docketing of his reply brief "might have been avoided through the exercise of due diligence").

### III.  Plaintiff's Motion for Reconsideration Fails to Provide Any Basis for This Court to Reconsider Its December 18, 2006 Order.

This Court must further find that plaintiff's motion for reconsideration should be denied, because plaintiff failed to provide any basis for this Court to reconsider its December 18, 2006 Order, which ordered plaintiff to file his Complaint on this Court's public docket.

#### A.  Plaintiff Cannot Satisfy His Burden Under Rule 59(e), Fed. R. Civ. P.

Although plaintiff does not identify any legal basis for his motion for reconsideration, it appears that any relief sought could be ordered, if at all, under Rule 59(e), Fed. R. Civ. P.[2]  A motion under Rule 59(e) is "discretionary" and "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Firestone v. Firestone, 76 F.3d

---

[2] Other judges have recognized that when a motion for reconsideration or to amend/alter a judgment does not identify any legal basis, that Rule 59(e) provides a framework for analyzing such motions.  Fox v. American Airlines, Inc., 295 F. Supp. 2d 56, 57 n.1 (D.D.C. 2003); New York v. United States, 880 F. Supp. 37, 38 n.1 (D.D.C. 1995) ("Although the United States does not identify any legal basis for its Motion to Reconsider, the Court will assume that defendant makes this motion pursuant to Fed. R. Civ. P. 59(e).").

1205, 1208 (D.C. Cir. 1996) (per curiam) (collecting cases); accord Fox, 389 F.3d at 1296 (quoting Firestone). Hence, "the reconsideration and amendment of a previous order is an unusual measure." International Ctr. for Tech. Assessment v. Thompson, 421 F. Supp. 2d 1, 6 (D.D.C. 2006) (citing Firestone). For that reason, the courts in this jurisdiction have denied such motions where the losing party merely reargued facts and theories that have been previously rejected. As a three-judge panel of this Court held:

> A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled. Such a motion must address new evidence or errors of law or fact and cannot merely reargue previous factual and legal assertions. Only if the moving party presents new facts or a clear error of law which will compel a change in the court's ruling will the motion to reconsider be granted.

New York v. United States, 880 F. Supp. 37, 38-39 (D.D.C. 1995) (per curiam) (three-judge panel) (internal citations omitted).[3]

Here, plaintiff's reply brief does nothing more than to rehash facts and arguments that this Court has previously considered, and rejected, not once but twice. See Order (Dec. 18, 2006) (denying plaintiff's motion to file complaint under seal); Order (Nov. 6, 2006) (denying plaintiff's motion to proceed anonymously). A review of the reply brief reveals that plaintiff essentially reiterates his prior arguments as to his asserted "need" for anonymity, but fails to explain why defendants and defendants' counsel should not be allowed to learn his identity so that they can defend plaintiff's claims. Plaintiffs' repeated assertions that he is in danger of assassination by unspecified Iranian agents are irrelevant to this litigation, since defendants are not Iranians, and plaintiff does not (and cannot) assert that defendants would use their knowledge

---

[3] This decision arose under the Voting Rights Act, which provides for adjudication of certain claims by a three-judge panel.

of his identity in any way that would come to the attention of these hypothetical Iranian agents. This Court should not condone plaintiff's continued fanciful assertions of international conspiracies that have no relation to the litigation of this lawsuit.

> **B.     Plaintiff Cannot Force Defendants' Counsel To Withhold Information About This Case From Defendants.**

The only possible remaining argument that plaintiff attempts to make is that there is no need for the defendants to know his identity, as opposed to defendants' counsel. See Reply Br. at 7.  This argument is legally insupportable.  A court should exercise special care before issuing an order that confines the disclosure of discovery material or other information about the case to a party's attorneys and prohibits disclosure to the parties themselves.  See In re San Juan Star Co., 662 F.2d 108, 118 (1st Cir. 1982); see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 (1981) ("to extent district court is empowered to restrict communications [between client and counsel] . . . it may not exercise that power without a specific record showing. . . [of] particular abuses . . . [and without] giving explicit consideration to the narrowest possible relief which would protect the respective parties") (internal quotation omitted).  A party has a right to participate in the litigation of his own case.  San Juan Star, 662 F.2d at 118.  As the U.S. Court of Appeals for the First Circuit recognized in San Juan Star, a party's participation in litigation is often critical to its success.  Id.  A trial court's unwarranted denial of a party's right of access to information produced in discovery or otherwise made available through pleadings, such as the identity of the opposing party, is such an intrusion on the right to a fair trial that such an order is immediately appealable as a collateral order under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).  San Juan Star, 662 F.2d at 112.

Protective orders that limit access by a party are almost always confined to cases involving trade secrets and other confidential research, development, or commercial information. Quotron Sys. Inc. v. Automatic Data Processing, Inc., 141 F.R.D. 37, 39 (S.D.N.Y. 1992). Rule 26(c)(7), Fed. R. Civ. P., explicitly supports restrictions on disclosure of information in cases involving "a trade secret or other confidential research, development, or commercial information." No equivalent provision exists for information in employment cases and the identity of plaintiff in this case does not constitute trade secrets or similar proprietary information.

In San Juan Star, the First Circuit summarily reversed the trial court's order preventing the plaintiff's attorneys from providing information produced in discovery with him because there was no showing how this disclosure of information would harm the defendant's interests in any way. San Juan Star, 662 F.2d at 118. The court cast serious doubt on the permissibility of such a blanket restriction, particularly where the client has consistently taken an active and significant role in the investigation, planning, and litigation of his case. Id.

There has been no showing of any need to restrict Mr. Wolf's ability to discuss the information his counsel learned in discovery, or through plaintiff's pleadings, with him and there are no circumstances in this case warranting such a restriction. Moreover, Mr. Wolf has played a critical role in this litigation from its inception, and must continue to do so.

An order that prohibits attorneys from disclosing to their clients information they have obtained in discovery or through litigation puts them in an "untenable position." See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1471 (9th Cir. 1991). It forces the attorneys to choose between their duty to communicate important information to their clients and their duty to

9

obey an order of the court preventing disclosure of information learned in discovery or through the pleadings. Precisely because such orders create ethical conflicts of interests for attorneys, courts must issue such orders only in the most limited circumstances and only where there has been a specific and factual demonstration that such an order is absolutely necessary. See id. at 1470-71. No such showing has been made in this case.

Hence, this Court should find, as other judges of this Court have ruled in denying motions for reconsideration, that plaintiff's motion for reconsideration of its December 18, 2006 Order, is unjustified and meritless:

> After consideration of the filings of counsel, we conclude that [movant's] motion for reconsideration is essentially a rehash of the arguments presented to and previously rejected by this Court.
> . . .
> It is obvious that [movant] does not agree with the Court's earlier ruling; as set forth above, however, a motion to reconsider must establish more than simply [movant's] continued belief that the court's decision was erroneous.

New York, 880 F. Supp. at 39 (denying motion for reconsideration); accord International Ctr., 421 F. Supp. 2d at 6 (citing New York).

### C. Plaintiff Improperly Attempted to Amend His Complaint Through His Reply Brief and His Motion for Reconsideration.

However, there is one factual and legal argument improperly made, evidently for the first time, in plaintiff's reply brief, as incorporated in plaintiff's motion for reconsideration. As defendants previously briefed, plaintiff's breach of contract claims must be dismissed under Rule 12(b)(6), for failure to state a claim. Here, plaintiff's alleged employment contract was oral, yet it was also for a fixed term of ten (10) years, thereby violating the D.C. statute of frauds, D.C. Code Ann. § 28-3502, which requires that an employment contract for a fixed period of years

10

exceeding one year be in writing.  See Def. Mot. to Dismiss, at 9-10, 14-15 (Nov. 8, 2006) (Doc. No. 15); Def. Reply Brief, at 4 (Dec. 8, 2006) (Doc. No. 27).

Now, having been alerted to the fact that his breach of contract claims are legally unsupportable, plaintiff asserts, for the first time, in his December 10, 2006 reply brief, that his oral employment contract with defendants was "for 10 years of employment later changed to lifetime employment."  See Pl. Reply Br., at 2.  Elsewhere in the same reply brief, plaintiff contradicted himself by asserting that his oral contract was a "fifteen (15) year relationship."  Id. at 8.  Yet, nowhere in his Complaint does plaintiff allege that he had a lifetime employment contract.  See Complaint (Sept. 18, 2006) (Doc. No. 3).

Regardless of what plaintiff now alleges in his reply brief regarding the duration of his oral employment contract — ten years, fifteen years, or lifetime employment — this Court should not condone plaintiff's improper attempt to amend his complaint through a reply brief, in a meritless attempt to evade the D.C. statute of frauds:

> Nor will the Court permit plaintiffs to supplement the bare and insufficient allegations in their complaint with additional assertions from their brief.  It is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."

Jung v. Association of Am. Medical Colleges, 300 F. Supp. 2d 119 (D.D.C. 2004) (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).  Further, as the D.C. Circuit explained, "Ordinarily Rule 59 motions ... are not granted by the District Court where they are used by a losing party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised during the original proceedings."  Fox, 389 F.3d at 1296 (quoting Kattan by Thomas v. District of Columbia, 995 F.2d 274, 276

(D.C. Cir. 1993)).  This Court should find, as in Jung, that plaintiff has improperly raised new assertions or allegations in his reply brief, as part of his motion of reconsideration.

**IV.    Conclusion.**

This Court must deny plaintiff's legally and factually unsupportable motion for reconsideration, since plaintiff has failed to identify any new evidence, change of controlling law, or clear error underlying this Court's December 18, 2006 Order denying plaintiff's motion to file his complaint under seal.  This Court should further impose sanctions on plaintiff for failing to comply with Rule 7.1(m), since plaintiff's counsel's conduct has, for the second time, needlessly burdened this Court and defendants with a frivolous motion.

Respectfully submitted,

/s/ Lynne Bernabei

_____
Lynne Bernabei, Esquire    # 938936
Alan R. Kabat, Esquire     # 464258
The Bernabei Law Firm, PLLC
1775 T Street, N.W.
Washington, D.C.  20009-7124
tel. (202) 745-1942
fax (202) 745-2627

Counsel for Defendants

Dated:  January 5, 2007