IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>  Plaintiff,<br><br>v.<br><br>LOUIS WOLF, *et al.*,<br><br>  Defendants. | Civil Action No. 1:06-CV-01645<br>Judge Richard J. Leon<br><br>Next Court Event:<br>  Initial Scheduling Conference<br>  January 23, 2007 |

**JOINT MEET AND CONFER STATEMENT**
**PURSUANT TO LOCAL CIVIL RULE 16.3**

On January 9, 2007, the parties met and conferred in person, pursuant to Rule 26(f), Fed. R. Civ. P., and Local Civil Rule 16.3. Set out below are the agreements reached and the positions taken by the parties at this conference. Also set out below is a brief statement of the case and the statutory basis for all causes of action and defenses pursuant to the Case Management Order (Sept. 28, 2006).

    **I.**    **Plaintiff's Statement of the Case.**

On or about September 1990, the plaintiff John Doe was hired by Covert Actions, Inc. as a member of the editorial team. When John Doe was hired Louis wolf and Covert Actions, Inc. informed the plaintiff that Covert Actions, Inc. was in poor financial condition and did not have the financial resources to pay him at this point in time, but John Doe would be paid as soon as the finances of Covert Actions, Inc. improved. Louis Wolf made the first salary payment to John Doe in the winter of 1994 and salary payments of various amounts continued for the next five (5) years. In the fall of 2000 the three founders terminated their partnership with Louis Wolf and two of the founders offered the plaintiff $20K a year for part time work and Louis Wolf made a

counter offer of a $22K a year for part time work which John Doe accepted. The Defendant, Louis Wolf, on or about January 2001, offered the John Doe, ten (10) years of full time paid employment as an Editor for Covert Actions, Publications, Inc. with full benefits if the defendant promised to help him reacquire Covert Actions, Publications, Inc. from the Co-founders William Schapp and Ellen Ray. John Doe accepted Louis wolf offer and helped him reacquire Covert Actions, Publications, Inc. Covert Actions, Inc., increased the plaintiff's salary to $45K starting in Jan 2002 and $48K starting the 2003. John Doe has pay increases each year thereafter until he is fired in June 2005. Covert Actions, Inc. agrees to pay John Doe back pay from Sept. 1990 through 2001. The defendants pay John Doe various amounts of money due, but John Doe is never fully paid. John Doe demands that Louis Wolf pay him monies due and Louis Wolf refuses in the Fall of 2004, breaching their expressed contracts. John Doe was terminated by in June 2005, breaching their expressed contracts. In a letter to a third party Covert Actions, Inc. stated that the plaintiff stole property belonging to the defendant.

Cause of Action. I and II Breach of Expressed Contract, both defendants; Counts III and IV Breach of the Covenant of Good Faith and Fair Dealing, both Defendants'; Counts V and VI Breach of Implied Contract, both Defendants'; Counts VII and IX Promissory Estoppel, both Defendants'; Count IX – Conversion, Covert Action Publication; Count X and XI Breach of Quasi-Contract, both Defendants'; Count XII Punitive Damages, Count XIII Slander, Covert Actions; Count XIV – Intentional Infliction of Emotional Distress, both Defendants'; Count XV Negligent Infliction of Emotional Distress, both Defendants.'

Defenses. Full, Partial, and substantial performance, detrimental reliance, John Doe denies the truth of the statement in the letter to the third party, the filing of the complaint was

within the Statute of Limitations,

### II. Defendants' Statement of the Case.

Defendants believe that plaintiff has failed to state a claim, since plaintiff is seeking recovery for alleged damages outside the statute of limitations for breach of contract claims, D.C. Code Ann. § 12-301(7), and because the D.C. statute of frauds, D.C. Code Ann. § 28-3502, renders unenforceable plaintiff's alleged oral employment contract which plaintiff alleges was for a fixed term of ten years. Defendants believe that plaintiff's remaining non-contractual claims must be dismissed under Rule 12(b)(6), because plaintiff cannot state any claims upon which relief can be granted.

Defendant further believes that this Court lacks subject matter jurisdiction, pursuant to Rule 12(b)(1), over plaintiff's remaining contractual claims, because the alleged amount at dispute that could be recovered under the statute of limitations is substantially below $75,000.

### III. Matters Discussed By the Parties Pursuant to Local Civil Rule 16.3(c).

1. <u>Dispositive Motions.</u> Defendants Louis Wolf and Covert Action Publications, Inc., have filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. That matter is fully briefed and pending before this Court.

Although not a dispositive motion, plaintiff John Doe filed a motion for reconsideration on the issue of sealing the complaint.

2. <u>Joinder/Amendment.</u> At the present time, it appears that all the proper parties have been named, served, and responsive pleadings filed.

Plaintiff reserves the right to add more parties to the complaint if discovery reveals that

additional parties need to be named and the complaint needs to be amended.

Defendants propose that any other parties shall be joined or the pleadings amended no later than fifteen (15) days from this Court's resolution of defendants' Rule 12(b) motion to dismiss.

    3.    <u>Magistrate Judge.</u>  The parties do not believe the case should be assigned to a magistrate judge for discovery or for trial.

    4.    <u>Settlement.</u>  The parties believe that the possibility of settlement will await resolution of defendants' Rule 12 motion, and, if denied, after some discovery has proceeded.

    5.    <u>Alternative Dispute Resolution.</u>  The parties agree that court-ordered mediation may be helpful after the close of discovery.

    6.    <u>Dispositive Motions.</u>  Defendants have filed a motion to dismiss.  Should this case proceed beyond defendants' motion to dismiss, defendants believe that summary judgment will be appropriate.  If summary judgment is filed by any party, the parties agree to the following filing deadlines:

| | |
|---|---|
| Summary judgment motion | 30 days after the close of discovery |
| Opposition | 30 days after summary judgment motion is filed; |
| Reply | 15 days after opposition brief is filed. |

The parties believe that a decision by this court can be rendered within 30 days after the filing of the Reply brief.

    7.    <u>Initial Disclosures.</u>  Plaintiff and defendants do not wish to dispense with or modify the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., but stipulate that the initial disclosures shall be made within fourteen days of this Court's ruling on defendants' pending motion to dismiss, if denied.

8. <u>Discovery/Protective Order.</u>

Plaintiff believes that discovery should start on January 23, 2007, or the day after the Court rules on defendants' Rule 12(b) motion, whichever comes first.

Defendants believe that discovery should not commence until and unless this Court denies defendants' motion to dismiss. It is defendants' position that it is appropriate to defer discovery in this action because defendants' motion to dismiss will be thoroughly dispositive of the claims in the Complaint, the brief delay will not prejudice plaintiff if he prevails on such motion, and deferring discovery will save both parties (and the Court) from expending resources that will not be necessary if the defendants' dispositive motion is granted.

However, if defendants' motion to dismiss is denied, then defendants believe that discovery should be completed within four (4) months of any such ruling by this Court. Plaintiff believes that discovery should be completed within ten (10) months after January 23, 2007, or when the Court rules on defendants' Rule 12(b) motion, whichever comes first.

Plaintiff seeks to take eight depositions, not including any expert depositions, and believes that the parties should be limited to ten depositions unless otherwise agreed to by the parties or authorized by the Court. Defendants seek a limitation of three depositions per side.

The parties agree that each deposition shall last no longer than seven hours. Plaintiff believes that depositions should be allowed to take longer if the Court or the parties agree to different lengths of time for the deposition, and that the Court and the parties must allow additional time consistent with Rule 26(b)(2), Fed. R. Civ. P., if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance impedes or delays the deposition.

The parties agree that they will adhere to the Federal Rules of Civil Procedure for determining the number of document requests and interrogatories.

The parties also agree that should personnel, personal, or proprietary information be sought in the course of discovery, or any other information that the parties agree should be protected, a protective order may be warranted. If necessary, the parties will exchange drafts of a protective order to address these concerns and submit a consent motion to the Court.

9. <u>Expert Witnesses.</u>

Plaintiff proposes that plaintiff's expert witness identifications and reports shall be produced ninety days prior to the close of discovery, and that defendants' expert witness identifications and reports would be due sixty days prior to the close of discovery.

Defendants propose that plaintiff's expert witness identifications and reports shall be produced within sixty days after the commencement of discovery, and that defendants' expert witness identifications and reports would be due thirty days after plaintiff's expert witness identifications and report are produced.

The parties agree that any depositions of expert witnesses will be conducted within the discovery period.

10. <u>Class Actions.</u> Not applicable.

11. <u>Bifurcation.</u> The parties agree that this case should not be bifurcated.

12. <u>Pretrial Conference.</u>

Plaintiff believes the date for the pretrial conference should be determined at a status conference to be held two weeks after the close of discovery.

Defendants believe that the pretrial conference should occur thirty days after this Court's

ruling on defendants' summary judgment motion.

    13.    <u>Trial Date.</u>

Plaintiff believes that the Court should set a trial date 45 days after the pretrial conference.

Defendants believe that the Court should set a trial date within one month of the pretrial conference.

    14.    <u>Scheduling Order.</u>

Pursuant to Local Civil Rule 16.3(d), the parties submit a proposed Scheduling Order.

Plaintiff's position is that discovery is to start when the Court makes its first ruling on the defendants' motion to dismiss, or January 23, 2007, whichever comes first.

Defendants' position is that discovery is to start only after the Court rules on defendants' motion to dismiss, if denied.

    Respectfully submitted,

    /s/ John M. Green

    _____
    John M. Green, Esquire    # 476592
    Gilman & Associates
    600 Pennsylvania Avenue, S.E., Suite 410
    Washington, D.C. 20003-4350
    tel. (202) 547-9080
    fax (202) 547-8944

    Attorney for Plaintiff

/s/ Lynne Bernabei
_____
Lynne Bernabei, Esquire     # 938936
Alan R. Kabat, Esquire      # 464258
The Bernabei Law Firm, PLLC
1775 T Street, N.W.
Washington, D.C.  20009-7124
tel. (202) 745-1942
fax (202) 745-2627

Attorneys for Defendants

Dated:  January 12, 2007