UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
                                    )
**HABIBOLLAH GHARIB**               )
6049 Ivy League Drive               )
Cationsville, Md**,** 21228         )
                                    )
                Plaintiff,          )
v.                                  )    Civil Action No. 1:06-CV-01645
                                    )    Judge: Richard J. Leon
**LOUIS WOLF,**                     )
4107 Ellicott Street, NW            )
Washington, D.C. 20016              )
                                    )
                                    )
    Serve:  Agent                   )
                                    )
**LOUIS WOLF,**                     )
4107 Ellicott Street, NW            )
Washington, D.C. 20016              )
                                    )
            and                     )
                                    )
**COVERT ACTION PUBLICATIONS, INC.** )
1500 MASSACHUSETTE AVE,NW,SUITE 732) PLAINTIFF DEMANDS
WASHINGTON, DC 20005                )    A TRIAL BY JURY
                                    )
                                    )
                Defendants.         )
_____)


## SECOND AMEMDED COMPLAINT FOR DAMAGES

Plaintiff Habibollah Gharib, by and through his undersigned attorney, John M. Green of Gilman & Associates, respectfully alleges that:

### JURISDICTION

1. Jurisdiction over this claim exists pursuant to 28 U.S.C. § 1332, in that complete diversity exists and the

matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

2.    That venue is proper in Washington, D.C. pursuant to 28 U.S.C.A. § 1391, in that the Defendants resides and conduct business in the District of Columbia, thus availing themselves of the rights and responsibilities associated with conducting business and residing in this jurisdiction.

## PARTIES

3.    Plaintiff Habibollah Gharib is a citizen of the State of Maryland.

4.    That Defendant, Covert Action Publications, Inc., is and was at all times material hereto a corporation, incorporated under the laws of the District of Columbia, registered to do business and having its principal place of business in Washington, D.C., and is a citizen having an agent or representative at 4107 Ellicott Street, NW, Washington D.C. 20016. Covert Action Publications, Inc. is a Not-for-Business engaged in owning and operating a magazine. The defendant, Covert Action Publications, Inc. is not a citizen of Maryland.

5.    That Defendant, Louis Wolf, is and was at all times material hereto a founder, Board Member, and President of

Covert Actions Publication. The defendant, Louis Wolf, is not a citizen of Maryland.

## GENERAL ALLEGATIONS

6.  On or about September 1990, the plaintiff Habibollah Gharib was hired by Covert Actions, Inc. as a member of the editorial team.

7.  On or about September 1990, the defendant Louis Wolf promised to assist defendant in his efforts to obtain a Green Card.

8.  On or about September 1990, the defendant Covert Actions, Inc. promised to assist defendant in his efforts to obtain a Green Card.

9.  At the time of Habibollah Gharib's hiring Louis wolf told the plaintiff that Covert Actions, Inc. was in poor financial condition and did not have the financial resources to pay him at this point in time, but the plaintiff would be paid as soon as the finances of Covert Actions, Inc. improved.

10. At all times material hereto Covert Actions, Inc. was a Not-for-Profit business.

11. On or about September 1990, the Defendant, Louis Wolf, was the founder, Board Member, and Secretary of Covert Actions Publication.

12. After the September 1990, hiring of the plaintiff he was promised by defendant Covert Actions, Inc. that he would be paid when the financial condition of Covert Actions, Inc. improved.

13. After the September 1990, hiring of the plaintiff he was promised by defendant Louis Wolf that he would be paid when the financial condition of Covert Actions, Inc. improved.

14. Louis Wolf made the first salary payment to the plaintiff in the winter of 1994.

15. Louis Wolf made salary payments to the plaintiff in 1995.

16. Louis Wolf made salary payments to the plaintiff in 1996.

17. Louis Wolf made salary payments to the plaintiff in 1997.

18. Louis Wolf made salary payments to the plaintiff in 1998.

19. Louis Wolf made salary payments to the plaintiff in 1999.

20. In the fall of 2000 William Schapp and Ellen Ray two (2) of the three (3) founders of Covert Actions, Inc. terminated their partnership with Louis Wolf and acting as agents for Covert Actions offered the plaintiff $20K a year

for part time work at Covert Actions, Inc, help to obtain a Green card, and a full time job in New York.

21.   In the fall of 2000 Louis Wolf acting as an individual for Covert Actions, Inc. countered the offer of William Schapp and Ellen Ray with an offered of $2k per month to the plaintiff.

22.   The plaintiff accepted the $2k per month offer.

23.   The plaintiff received a payment of $9k in the fall of 2000.

24.   In January 2001, the defendant Louis Wolf acting as an individual, asked the plaintiff to promise that he would be an exclusive editor for Covert Actions, Inc. for ten (10) consecutive years in exchange for the defendant's promise to pay the defendant the going editor's rate for each of the ten (10) consecutive years.

25.   The plaintiff relied on the promises the defendant, Louis wolf, made as an individual and as an agent for Covert Actions, Inc.

26.   The defendant, Louis Wolf, made the first promised payment in April 2001.

27.   The defendant, Covert Actions, Inc., increased the plaintiff's salary to $45K starting in Jan 2002.

28. The defendant, Covert Actions, Inc., increased the plaintiff's salary to $48K starting the 2003 fiscal year for Covert Actions, Inc.

29. Covert Actions, Inc. offers the plaintiff the position of Editor and Chief of Covert Actions, Inc. in Nov. 2002.

30. The plaintiff accepts the position of Editor and Chief of Covert Actions, Inc. with the condition that Covert Actions, Inc. pays him the back pay that he is due.

31. Covert Actions, Inc. accepts the plaintiff's conditions for accepting the position of Editor and Chief of Covert Actions, Inc.

32. Defendant, Covert Actions, Inc. agrees to pay the plaintiff back pay from Sept. 1990 through 2001. The total for the back pay was $150k less $27k in salary received in 2001 for a total due of $123k.

33. Defendant, Louis Wolf, agreed to act as defendant, Covert Actions, Inc. surety for the $123k debt owed the plaintiff.

34. Defendant, Louis Wolf, pays defendant $2k per month as part of his ten (10) year promise.

35.    Defendant, Louis Wolf, agrees to act as defendant, Covert Actions, Inc. surety for the remaining salary due plaintiff each month as part of his ten (10) year promise.

36. Financial uncertainties prevent Covert Actions, Inc., from paying their portion of the plaintiff's salary.

37. Defendant, Covert Action, Inc., promises to pay plaintiff the salary due when their financial uncertainties were resolved.

38. Defendant, Louis Wolf, promises the defendant that he will be paid the salary that he is due.

39. The defendant, Covert Actions, Inc., increased the plaintiff's salary to $52K starting the 2004 fiscal year for Covert Actions, Inc.

40. During October 2003 the defendants, Covert Actions, Inc., and Louis Wolf agree to increase defendant's, Louis Wolf's, monthly contribution from $2k per month to $3k per month.

41. Defendant, Louis Wolf, continued to pay the plaintiff at a rate of $20k instead of $36k.

42. The plaintiff received $27k 2001, $20k in 2002 and 2003, and 16k in 2004, because of skipped or reduced monthly payments.

43.  The defendant, Covert Actions, Inc., increased the plaintiff's salary to $48K starting the 2003 fiscal year for Covert Actions, Inc.

44.  The plaintiff threatens to leave Covert Action, Inc. in Jan 2005 if he was not paid the correct monthly salary. Defendant, Covert Action, paid the plaintiff $3k net Jan through July 2005.

45.  Defendant, Louis Wolf, terminated the plaintiff's employment with Covert Actions, Inc. in June 2005.

46.  In a letter to GT the defendant, Covert Actions, Inc., accused the plaintiff of stealing property from the corporation.

47.  In a motion and in open Court Covert Actions, Inc. accused the plaintiff of forging Covert Actions, Inc.'s checks.

### Count I

### LOUIS WOLF'S BREACH OF EXPRESSED CONTRACT

48.  Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 47 of the Complaint as if same were fully set forth herein.

49.  The plaintiff was promised by defendant Louis Wolf in 1990 that plaintiff would be paid when the financial condition of Covert Actions, Inc. improved.

50.  The defendant Louis Wolf made the first salary payment to the plaintiff in the winter of 1994.

51.  The defendant Louis Wolf made salary payments to the plaintiff from 1995 to 2004.

52.  The defendant Louis Wolf refused to continue salary payments to the plaintiff in the Fall of 2004 after the plaintiff demands a check for three thousands dollars ($3,000) net and nine thousand dollars ($9,000) towards the one hundred and fifty thousand ($150,000) debt for past deferred salary.

53.  As a direct and immediate consequence of the breach of the contract by defendant Louis Wolf, plaintiff Habibollah Gharib suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Louis Wolf in the amount One Hundred and Sixty Five Thousand Dollars ($165,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

### Count II

### COVERT ACTION, INC.'S  BREACH OF EXPRESSED CONTRACT

54.  Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 53 of the Complaint as if same were fully set forth herein.

9

55.    The plaintiff was promised by defendant Covert Action Publications, Inc. in 1990 that plaintiff would be paid when the financial condition of Covert Actions, Inc. improved.

56.    In the fall of 2000 William Schapp and Ellen Ray agents/board members/founders/officers for Covert Actions offered the plaintiff $20K a year for part time work at Covert Actions, Inc.

57.    Louis Wolf acting as an agent/board member/founder/officer for Covert Action, Publications, Inc. in the fall of 2000 countered the offer of William Schapp and Ellen Ray with an offered of $2k per month part time to the plaintiff to edit manuscripts.

58.    The plaintiff accepted agent Wolf's $2k per month offer.

59.    The plaintiff worked and performed other tasks at Covert Action Publications, Inc besides editing.

60.    Covert Action Publications, Inc. paid the plaintiff $27k during the fall of 2001.

61.    The plaintiff relied on the promise agent Louis wolf.

62.    Covert Action Publications, Inc. increased the plaintiff's salary to $45k in January 2002.

63. Defendant Covert Action Publications, Inc. offers the plaintiff the position of Editor and Chief of Covert Action Publications, Inc. in November 2002.

64. The plaintiff accepts the position of the Editor and Chief of Covert Action Publications, Inc. on the condition that Covert Action Publications, Inc. pay him the back pay that he was due.

65. Defendant Covert Action Publications, Inc. agrees to the plaintiff's back pay demand.

66. The plaintiff and defendant Covert Action Publications, Inc. agree on the sum of $123k in back pay due plaintiff for the period of 1990 to 2001 plus $25k for 2002 for a total of $148k.

67. The defendant Louis Wolf agrees to act as a surety for the $148k debt that Covert Action Publications, Inc. owed the plaintiff.

68. Covert Action Publications, Inc. increased the plaintiff's salary to $48.5k on January 1, 2003.

69. Covert Action Publications, Inc. pay the plaintiff $20k of the 48.5k salary.

70. Covert Action Publications, Inc. increased the plaintiff's salary to $52k on January 1, 2004.

71.    Covert Action Publications, Inc. pay the plaintiff $16k of the 52k salary.

72. Covert Action Publications, Inc. increased the plaintiff's salary to $55.5k started January 1, 2004.

73. Covert Action Publications, Inc. pays the plaintiff $16k of the 55.5k salary.

74. Defendant Covert Action Publications fired the plaintiff without cause on June 2005.

75. As a direct and immediate consequence of the breach of contract by the defendant, Covert Action Publications, the plaintiff, Habibollah Gharib, has suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Covert Action Publications in the amount Two Hundred and Forty Three Thousand Dollars ($243,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

## Count III

### LOUIS WOLF'S BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

76. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 75 of the Complaint as if same were fully set forth herein.

77. The Defendant, Louis wolf, promised the plaintiff, Habibollah Gharib, he would pay the defendant Two Thousand (2,000) dollars per month for editing articles for publication in the magazine Covert Action Quarterly and office work if he would decline the offer of William Schapp and Ellen Ray's offer to the plaintiff of $20K a year.

78. The Plaintiff, Habibollah Gharib, relied on Defendant's, Louis Wolf's, promise of Two Thousand (2,000) dollars per month for editing articles for publication in the magazine Covert Action Quarterly and office work.

79. If Louis wolf had not counter the offer of William Schapp and Ellen Ray I would have accepted their offer.

80. The Plaintiff, Habibollah Gharib, during a September 2004 meeting with the defendant, Louis Wolf, plaintiff demands that he be paid by check rather than cash and proper withholdings be deducted from his pay check.

81. After the plaintiff made his demand for payment by pay check with proper withholdings during the September 2004 meeting with the defendant the plaintiff did not get paid for the months of October, November, and December.

82. Without cause or notice the defendant, Louis Wolf, terminated the plaintiff's employment with Covert Actions Publications, Inc.

83. As a direct and immediate consequence of the breach of the contract by defendant Louis Wolf, plaintiff Habibollah Gharib suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Louis wolf in the amount Three Hundred and five Thousand Dollars ($305,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**Count IV**

**COVERT ACTION, INC.'S BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

84. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 83 of the Complaint as if same were fully set forth herein.

85. Defendant, Covert Actions, Inc. agreed to pay the plaintiff back pay from Sept. 1990 through 2001 during a Covert Action Board meeting in November 2002. The total for the back pay was $123k.

86. The Defendant, Covert Actions, Inc., promised to pay the plaintiff, Habibollah Gharib, the 123k in back pay and the plaintiff relied on the defendant's promise.

87. The Defendant, Covert Actions, Publications, Inc., paid the plaintiff, Habibollah Gharib, the 4k in back pay in December 2002.

88. The Defendant, Covert Actions, Inc., had financial problems in 2003.

89. The Defendant, Covert Actions, Inc., told the plaintiff in September 2004 that they were not going to pay the plaintiff the back pay they promised to pay him.

90. As a direct and immediate consequence of the breach of the contract by defendant Covert Actions, Publications plaintiff Habibollah Gharib suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Covert Actions Publications, Inc. in the amount One Hundred and twenty four Thousand Dollars ($124,000) in compensatory damages, plus the cost of this action,

attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

## Count V

### LOUIS WOLF'S BREACH OF IMPLIED CONTRACT

91. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 90 of the Complaint as if same were fully set forth herein.

92. The Defendant, Louis wolf, on or about January 2001, offered the plaintiff, Habibollah Gharib, ten (10) years of full time paid employment as an Editor for Covert Actions, Publications, Inc. with full benefits if the defendant promised to help him reacquire Covert Actions, Publications, Inc. from the Co-founders William Schapp and Ellen Ray.

93. The plaintiff accepted the defendant's offer of ten (10) years of full time employment.

94. The plaintiff's, Habibollah Gharib's, efforts were critical and instrumental to defendant's, Louis Wolf's, reacquisition of Covert Actions, Publications, Inc.

95. The plaintiff started working as an Editor of Covert Actions, Publications February 2001.

96. The Plaintiff, Habibollah Gharib, relied on Defendant's, Louis Wolf's, promise of ten (10) years of full

time paid employment as an Editor for Covert Actions, Publications, Inc. with full benefits.

97. The defendant paid the plaintiff $27k 2001, $20k in 2002 and 2003, and 16k in 2004.

98. Without cause or notice the defendant, Louis Wolf, terminated the plaintiff's employment with Covert Actions Publications, Inc.

99. As a direct and immediate consequence of the breach of the contract by defendant Louis Wolf, plaintiff Habibollah Gharib suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Louis wolf in the amount Four Hundred and                                                    Forty One Thousand Dollars ($441,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

### Count VI

### COVERT ACTION, INC.'S  BREACH OF IMPLIED CONTRACT

100. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 100 of the Complaint as if same were fully set forth herein.

101.   Louis    Wolf    acting    as    an    agent/board member/founder/officer for Covert Action, Publications, Inc. in the fall of 2000 countered the offer of William Schapp and Ellen Ray with an offered of $2k per month part time to the plaintiff to edit manuscripts.

102.   The plaintiff accepted agent Wolf's $2k per month offer.

103.   The plaintiff worked and performed other tasks at Covert Action Publications, Inc besides editing.

104.   Covert Action Publications, Inc. paid the plaintiff $27k during the fall of 2001.

105.   The plaintiff relied on the promise agent Louis wolf.

106.   Covert  Action  Publications, Inc.  increased  the plaintiff's salary to $45k in January 2002.

107.   Defendant Covert Action Publications, Inc. offers the plaintiff the position of Editor and Chief of Covert Action Publications, Inc. in November 2002.

108.   The plaintiff accepts the position of the Editor and Chief of Covert Action Publications, Inc. on the condition that Covert Action Publications, Inc. pay him the back pay that he was due.

109. Defendant Covert Action Publications, Inc. agrees to the plaintiff's back pay demand.

110. The plaintiff and defendant Covert Action Publications, Inc. agree on the sum of $123k in back pay due plaintiff for the period of 1990 to 2001 plus $25k for 2002 for a total of $148k.

111. The defendant Louis Wolf agrees to act as a surety for the $148k debt that Covert Action Publications, Inc. owed the plaintiff.

112. Covert Action Publications, Inc. increased the plaintiff's salary to $48.5k on January 1, 2003.

113. Covert Action Publications, Inc. pay the plaintiff $20k of the 48.5k salary.

114. Covert Action Publications, Inc. increased the plaintiff's salary to $52k on January 1, 2004.

115. Covert Action Publications, Inc. pay the plaintiff $16k of the 52k salary.

116. Covert Action Publications, Inc. increased the plaintiff's salary to $55.5k started January 1, 2004.

117. Covert Action Publications, Inc. pays the plaintiff $16k of the 55.5k salary.

118. Defendant Covert Action Publications fired the plaintiff without cause on June 2005.

119.  As a direct and immediate consequence of the breach of contract by the defendant, Covert Action Publications, the plaintiff, Habibollah Gharib, has suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Covert Action Publications in the amount Two Hundred and Forty Three Thousand Dollars ($243,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**Count VII**

**PROMISSORY ESTOPPEL AGENT/BOARD MEMBER/FOUNDER LOUIS WOLF**

120. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 119 of the Complaint as if same were fully set forth herein.

121.  Defendant, Louis Wolf, promised the plaintiff, Habibollah Gharib, Two thousand ($2,000)Dollars per month if he stayed with him and not accepted the offer of Twenty Thousand ($20,000).

122.  The plaintiff, Habibollah Gharib, reasonably relied upon this promise to his detriment with the full belief in the truth of the promise, but for which he would have accepted ans as a result of which injury resulted to the plaintiff.

123.  As a consequence of plaintiff's reliance upon the promise of Defendant, Louis wolf, Habibollah Gharib has suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Louis wolf in the amount Four Hundred and                                                    Forty One Thousand Dollars ($441,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

### Count VIII

### PROMISSORY ESTOPPEL INDIVIDUAL LOUIS WOLF

124.Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 123 of the Complaint as if same were fully set forth herein.

125.  The Defendant, Louis wolf, offered the plaintiff, Habibollah Gharib, ten (10) years of full time paid employment as an Editor for Covert Actions, Publications, Inc. with full benefits, in exchange for the defendant's help in reacquiring Covert Actions, Publications.

126. The plaintiff's helped the defendant as he promised to reacquire Covert Actions, Publications, Inc.

127. The plaintiff, Habibollah Gharib, reasonably relied upon defendant's, Louis wolf's, promise to his detriment with the full belief in the truth of the defendant's promise, but for which he would not agreed to assist the defendant and as a result of which injury resulted to the plaintiff.

128. As a consequence of plaintiff's reliance upon the promise of Defendant, Louis wolf, Habibollah Gharib has suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Louis wolf in the amount Five Hundred Thousand Dollars ($500,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**Count IX**

**PROMISSORY ESTOPPEL COVERT ACTION, INC.**

129. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 128 of the Complaint as if same were fully set forth herein.

130. The Defendant, Covert Actions, Publications, agreed to pay the plaintiff, Habibollah Gharib, One Hundred and Twenty Three Thousand ($123,000) Dollars in back pay.

131.  The   Defendant,   Covert   Actions   Publications, promised to pay the plaintiff a salary for his work as an Editor.

132.  The plaintiff, Habibollah Gharib, reasonably relied upon defendant's, Covert Actions, Publications, Inc., promises to pay back pay and salary to his detriment with the full belief in the truth of the defendant's promise, but for which he would not have agreed to continue to work for defendant and as a result of which injury resulted to the plaintiff.

133.  As a consequence of plaintiff's reliance upon the promise of Defendant, Covert Actions, Publications, Inc., Habibollah Gharib has suffered substantial monetary damages.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Louis wolf in the amount Four Hundred and Forty One Thousand Dollars ($275,500) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**Count X**

**CONVERSION COVERT ACTION, INC.**

134. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 133 of the Complaint as if same were fully set forth herein.

135. The plaintiff's ideas and work which the defendant used and benefited from were valuable property rights.

136. By its actions set forth above, Covert Action Publications, Inc. converted to its own use and benefits the ideas and work of the plaintiff, Habibollah Gharib.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Covert Action Publications, Inc. in the amount One Million Dollars ($1,000,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**Count XI**

**BREACH OF QUASI-CONTRACT COVERT ACTION, INC.**

137. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 136 of the Complaint as if same were fully set forth herein.

138. Habibollah Gharib's work concerning the editing, proof reading, research, recruitment of writers for articles,

recruitment of photographers for articles, procurement of photographs for articles, negotiations with printers, and negotiations with magazine distributor for the distribution of Covert Action Publications, Inc.'s magazine Covert Action Quarterly and retail stores for the sale of Covert Action Publications, Inc.'s magazine Covert Action Quarterly.

139. Covert Action Publications, Inc. accepted and retained the benefits that Habibollah Gharib conferred on Covert Action Publications, Inc.

140. It would be unjust for Covert Action Publications, Inc. not to pay Habibollah Gharib for the value of the benefit he conferred.

141. Covert Action Publications, Inc. had knowledge of the benefits conferred by Habibollah Gharib and, in fact requested him to confer those benefits.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Covert Action Publications, Inc. in the amount One Hundred and Sixty Five Thousand Dollars ($165,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**Count XII**

## BREACH OF QUASI-CONTRACT LOUIS WOLF

142.  Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 121 of the Complaint as if same were fully set forth herein.

143.  Habibollah Gharib's work related to the ten (10) year employment promised made by defendant Louis wolf includes editing, proof reading, research, recruitment of writers for articles, recruitment of photographers for articles, procurement of photographs for articles, negotiations with printers, and negotiations with magazine distributor for the distribution of Covert Action Publications, Inc.'s magazine Covert Action Quarterly and retail stores for the sale of Covert Action Publications, Inc.'s magazine Covert Action Quarterly, consulting, assistance with legal matters, counseling, and correspondence with political and business entities.

144.  Louis Wolf accepted and retained the benefits that Habibollah Gharib conferred on himself and Covert Action Publications, Inc.

145.  It would be unjust for Louis wolf not to pay Habibollah Gharib for the value of the benefit he conferred.

146.   Louis Wolf had knowledge of the benefits conferred by Habibollah Gharib and, in fact requested him to confer those benefits.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Louis Wolf in the amount Five Hundred Thousand Dollars ($500,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**Count XIII**

**LOUIS WOLF'S – PUNITIVE DAMAGES**

147. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 146 of the Complaint as if same were fully set forth herein.

148.   When the defendant demanded payment of monies promised defendant, Louis Wolf, would threaten to contact the IRS and have the plaintiff arrested for tax evasion.   The intent of theses threats was to oppress and deprive the plaintiff of his right to be paid for his labor as promised by their contract.

149. When the defendant demanded payment of monies promised defendant, Louis Wolf, would threaten to contact the US Government and inform them that the plaintiff was a citizen

of a country unfriendly to the United States. The evil motives of theses threats were to deprive the plaintiff of his right to be paid for his labor as promised by their contract.

150. In willful disregard for the plaintiff rights the defendant, Louis Wolf, repeatedly threaten to turn the plaintiff into the IRS and the US government for demanding payment for his labor as promised by their contract.

WHEREFORE, plaintiff Habibollah Gharib demands judgment against the defendant Louis Wolf in the amount Five Million Dollars ($5,000,000) in punitive damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

### Count XIV

### COVERT ACTION, INC.'S – SLANDER

151. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 150 of the Complaint as if same were fully set forth herein.

152. In a letter dated August 16, 2005, to a third party the defendant Covert Action, Inc. and its Agent states that the plaintiff stole property belonging to the defendant.

153. In hearings before the Courts of the District of Columbia the with third parties in attendance the defendant

Covert Action, Inc. and its Agent stated that the plaintiff stole property belonging to the defendant.

154. The defendant Covert Action, Inc. was negligent is communicating the statement that the plaintiff stole property belonging to the defendant.

155. As a result of the defendant's negligent and defamatory statements that the plaintiff stole property belonging to the defendant caused the plaintiff suffered actual injury.

WHEREFORE, the plaintiff Habibollah Gharib demands judgment against the defendant Covert Action, Inc. in the amount of One Million Dollars ($1,000,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**Count XV**

**<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**
**(Against Both Defendants)**

156. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 155 of the Complaint as if same were fully set forth herein.

157. The defendant Louis Wolf refusal to continue salary payments to the plaintiff in the Fall of 2004 was intended to

cause or knew with substantial certainty that his actions would cause the plaintiff severe emotional distress.

158. The defendant Covert Action, Inc. refusal to pay the plaintiff the back pay they promised in September 2004 was intended to cause or knew with substantial certainty that their actions would cause the plaintiff severe emotional distress.

159. The defendant Covert Action, Inc. refusal to pay the salary due the plaintiff when his employment was terminated without notice June 2005 was intended to cause or knew with substantial certainty that its action would cause the plaintiff severe emotional distress.

160. In a letter dated August 16, 2005, to a third party the defendant Covert Action, Inc. and its Agent stated that the plaintiff stole property belonging to the defendant was intended to cause or knew with substantial certainty that its action would cause the plaintiff severe emotional distress.

161. In hearings before the Courts of the District of Columbia with third parties in attendance the defendant Covert Action, Inc. and its Agent stated that the plaintiff stole property belonging to the defendant was intended to cause or knew with substantial certainty that its action would cause the plaintiff severe emotional distress.

162. The outrageous conduct did in fact cause the plaintiff to suffer severe emotional distress, in the form of public humiliation, as well as psychological harm.

163. The plaintiff accordingly is entitled to compensatory and punitive damages to remedy his injuries.

WHEREFORE, the plaintiff Habibollah Gharib demands judgment against the defendants Louis Wolf and Covert Action, Inc. in the amount of One Million Dollars ($1,000,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

### Count XVI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against Both Defendants)

164. Plaintiff, Habibollah Gharib, hereby incorporates by reference paragraphs 1 through 155 of the Complaint as if same were fully set forth herein.

165. The defendant Louis Wolf refusal to continue salary payments to the plaintiff in the Fall of 2004 was intended to cause or knew with substantial certainty that his actions would cause the plaintiff severe emotional distress.

166. The defendant Covert Action, Inc. refusal to pay the salary due the plaintiff when his employment was terminated without notice June 2005 was intended to cause or knew with

substantial certainty that its action would cause the plaintiff severe emotional distress.

167. The defendant Covert Action, Inc. refusal to pay the plaintiff the back pay they promised in September 2004 was intended to cause or knew with substantial certainty that his actions would cause the plaintiff severe emotional distress.

168. The defendant Covert Action, Inc. refusal to pay the salary due the plaintiff when his employment was terminated without notice June 2005 was intended to cause or knew with substantial certainty that its action would cause the plaintiff severe emotional distress.

169. In a letter dated August 16, 2005, to a third party the defendant Covert Action, Inc. and its Agent stated that the plaintiff stole property belonging to the defendant was intended to cause or knew with substantial certainty that its action would cause the plaintiff severe emotional distress.

170. In hearings before the Courts of the District of Columbia with third parties in attendance the defendant Covert Action, Inc. and its Agent stated that the plaintiff stole property belonging to the defendant was intended to cause or knew with substantial certainty that its action would cause the plaintiff severe emotional distress.

171. The outrageous conduct did in fact cause the plaintiff to suffer severe emotional distress, in the form of public humiliation, as well as psychological harm.

172. The plaintiff accordingly is entitled to compensatory and punitive damages to remedy his injuries.

WHEREFORE, the plaintiff Habibollah Gharib demands judgment against the defendants Louis Wolf and Covert Action, Inc. in the amount of One Million Dollars ($1,000,000) in compensatory damages, plus the cost of this action, attorney fees and prejudgment interest, and such other and further relief as the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

The plaintiff, Habibollah Gharib, demands a trial by jury as to all counts of this complaint.

Dated: January 23, 2007

_____/S/_____
John Green, #476592
GILMAN & ASSOCIATES
600 Pennsylvania Ave., SE
Suite 410
Washington, D.C. 20003
(202)547-9080

Attorneys for Plaintiff