UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 3 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

HABIBOLLAH GHARIB, )
)
      Plaintiff, )
)
v. )  Civil Action No. 1:06-1645 (RJL)
)
LOUIS WOLF, *et al.* )
)
      Defendants. )

**MEMORANDUM OPINION**
(July 31, 2007) [#15]

    Plaintiff Habibollah Gharib brings this action against Louis Wolf and Covert Action Publications, Inc. ("Covert Action") alleging sixteen varied counts of contract and tort claims. Plaintiff seeks monetary damages against defendants in excess of $1 million. Before the Court is defendants' motion to dismiss. For the following reasons, the Court GRANTS defendants' motion to dismiss.

### BACKGROUND

    Plaintiff is a former employee of defendant Covert Action Publications, Inc., a non-profit corporation, of which defendant Louis Wolf is a co-founder. (Compl. ¶¶ 6, 10, 11.) On September 19, 2006, plaintiff filed a complaint alleging sixteen counts sounding in contract and tort. Plaintiff's contract claims include breach of express contract, breach of implied contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and breach of quasi-contract. Plaintiff's tort claims include conversion, slander, intentional

infliction of emotional distress, and negligent infliction of emotional distress. Plaintiff also seeks punitive damages. (Compl. ¶ 150.)

## ANALYSIS

### A. Legal Standard

A motion to dismiss will not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), this Court must view the factual allegations in the light most favorable to the plaintiff. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625 (D.C. Cir. 1997). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, *Doe v. U.S. DOJ*, 753 F.2d 1092, 1102 (D.C. Cir. 1985), and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Because jurisdiction is based on diversity of citizenship, the governing law is that of the District of Columbia. *See Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356, 360 (D.C. Cir. 1983); *Lee v. Flintkote Co., 593 F*.2d 1275, 1278-79 n.14 (D.C. Cir. 1979).

**B.  *Plaintiff's Contract Claims***

   **i. Counts I and II:  Breach of Express Contract[1]**

In Counts I and II, plaintiff claims that defendants breached express employment contracts allegedly entered into in 1990. (Compl. ¶¶ 48-75.)  Count I alleges that defendant Wolf "promised . . . that plaintiff would be paid when the financial condition of Covert Actions, Inc. [*sic*] improved." (Compl. ¶ 49.)  Count II alleges that the same promise was made by defendant Covert Action. (Compl. ¶ 55.)

Express contracts are those whose terms are stated by the parties. *Richardson v. J.C. Flood Co.*, 190 A.2d 259, 261 (D.C. 1963).  Here, plaintiffs' express contracts claims must be dismissed for failure to sufficiently allege the necessary elements of that claim.  "For an enforceable contract to exist, there must be both (1) agreement as to all material terms, and (2) intention of the parties to be bound." *Sims v. Westminster Investing Corp.*, 648 A.2d 940, 942 (D.C. 1994) (quoting *Georgetown Entertainment Corp. v. District of Columbia*, 496 A.2d 587, 590 (D.C. 1985)).  Specifically, plaintiff fails to allege what his obligations were under the contract or what promises defendants have allegedly failed to satisfy.  Accordingly, plaintiff's express contract claims must be dismissed.

---

[1] Many of the "Counts" in plaintiff's complaint are misnumbered.  This Opinion will refer to plaintiff's claims in the order in which they appear in the complaint as opposed to how they have been enumerated by plaintiff.

3

### ii. Counts V and VI:  Breach of Implied Contract

Counts V and VI allege that defendants breached implied employment contracts in and around 2001. (Compl. ¶¶ 91-119.) Defendants argue that the implied contract claims must be dismissed because they do not comply with the District of Columbia statute of frauds that requires that no claim can be brought "upon an agreement that is not to be performed within one year from the making thereof, unless the agreement . . . or a memorandum or note thereof, is in writing." D.C. Code § 28-3502. Notably, although the statute of frauds does not require that the contract itself be in writing, it does require that the writing set forth the "essential terms" of the agreement, and adequately identify the parties to the contract. *See Farrow v. Cahill*, 663 F.2d 201, 208 (D.C. Cir. 1980); *Penick v. Frank E. Basil, Inc. of Delaware*, 579 F.Supp. 160, 167 (D.D.C. 1984); *Educational Enters. v. Greening*, 265 A.2d 287, 289 (D.C. App. 1970); *Easter v. Kass-Berger*, 121 A.2d 868, 870 (D.C. Mun. App. 1956). Accordingly, our Circuit Court has held that an *oral* employment contract for a stated, definite term of years exceeding one year is unenforceable. *Hodge v. Evans*, 823 F.2d 559, 563 (D.C. Cir. 1987). Here, plaintiff asserts that the alleged contract at issue was for a fixed term of ten years, (*see* Compl. ¶¶ 24, 34, 35, 93, 96, 25, 143), and, therefore, such an agreement would be subject to dismissal based upon the statute of frauds.

Plaintiff argues that an exception to the statute of frauds applies here because he has partially performed the alleged contract. (Pl.'s Reply at 14-15.) Although the D.C. Court of Appeals has held that partial or complete performance under an oral contract may make the

statute of frauds inapplicable to that contract, see *Amberger & Wohlfarth, Inc. v. District of Columbia*, 300 A.2d 460, 463 (D.C. 1973), the Court of Appeals has also held that "in the absence of other and stronger circumstances, a mere refusal to perform an oral agreement is not such fraud as to prevent the application of the statute, despite hardship to a plaintiff." *Easter*, 121 A.2d at 871. Moreover, because this exception to the statute of frauds is equitable in nature, to effectively assert estoppel, the plaintiff must show that "he has changed his position substantially for the worse and that he has incurred unjust and unconscionable injury." *O'Rourke v. Audio Stats Educ. Services, Inc.*, No. 85-2768, 1989 WL 43956, at *2 (D.D.C. Apr. 18, 1989). Here, plaintiff has failed to sufficiently allege that his circumstances warrant removing the alleged oral contract from the statute, and, therefore, this claim must be dismissed pursuant to the statute of frauds.[2]

### iii. Counts III and IV: Breach of the Covenant of Good Faith and Fair Dealing

In Counts III and IV, plaintiff alleges that defendants breached the covenant of good faith and fair dealing. (Compl. ¶¶ 76-90.) However, in failing to respond to defendants' motion to dismiss as to these counts, plaintiff has conceded the motion to dismiss as to these claims. "'It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may

---

[2] Even if plaintiff was able to overcome his statute of frauds deficiencies, the majority of plaintiff's claims arose prior to September 13, 2003, and, thus, would be barred by the three-year statute of limitations for contract claims. D.C. Code § 12-301(7). As a result, plaintiff's claims arising between September 13, 2003 and his date of termination in June 2005 would not meet the jurisdictional amount in controversy requirement, requiring this Court to dismiss the remaining claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1332(a).

treat those arguments that the plaintiff failed to address as conceded.'" *Hooker-Robinson v. Rice*, No. 05-321, 2006 WL 508343, at *3 (D.D.C. Mar. 1, 2006) (quoting *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C.2002)). Therefore, this Court finds that the motion to dismiss as to these claims is conceded, and, therefore, Counts III and IV are dismissed.

### iv. Counts VII, VIII, and IX: Promissory Estoppel

Counts VII, VIII, and IX claim that plaintiff reasonably relied on alleged promises made by defendants Wolf and Covert Action to pay plaintiff $2,000 a month, and that such reliance was to plaintiff's detriment. (Compl. ¶¶ 120-133.) Defendants argue that these claims are also barred by the statute of frauds because the agreements cannot be enforced in one year and are not memorialized in writing. While, a claim of promissory estoppel may be enough to protect the claim from the statute of frauds, *Amberger*, 300 A.2d at 463, plaintiff's circumstances are not " so egregious as to render it inequitable for a court of Justice to apply the Statute of Frauds." *O'Rourke*, 1989 WL 43956, at *2 (quoting *Reynolds v. Stevens Studios*, 659 F.2d 44, 45 (5th Cir. 1981)). Therefore, the Court dismisses plaintiff's promissory estoppel claims .[3]

---

[3] Once again, even if plaintiff could survive defendant's statute of frauds argument, the Court would dismiss for failure to meet the amount in controversy requirement under 28 U.S.C. § 1332(a). Defendant argues that plaintiff has at most made a claim for compensation of $2,000 per month for the applicable months within the statute of limitations period from September 19, 2003 and September 19,2006, when plaintiff filed his complaint. (Mot. Dismiss at 15.) Defendants then assert that plaintiff would thus be entitled to $44,000 for the period between September 19, 2003 and June 2005 when plaintiff was terminated. *Id*. This number, defendant argues, must be reduced

### v. Counts XI and XII: Breach of Quasi-Contract

Plaintiff's Counts XI and XII allege that it would be unjust for defendants not to pay plaintiff for the value of the benefits he has allegedly conferred upon them. (Compl. ¶¶ 137-146.) To recover on these claims, plaintiff must show that defendants were "unjustly enriched at his expense, and that the circumstances were such that in good conscience [defendants] should make restitution." *News World Commc'ns, Inc. v. Thompson*, 878 A.2d 1218, 1222 (D.C. 2005). Yet, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal*, 16 F.3d at 1276. Here, plaintiff has asserted a laundry list of activities that are described vaguely as "John Doe's work," (Compl. ¶ 138), but the complaint does not specify whether this work was actually performed by plaintiff or that Covert Action failed to compensate plaintiff for any such work. Accordingly, because of the vague and conclusory allegations plaintiff makes in support of this claim, plaintiff's claims for breach of quasi-contract must be dismissed for failure to state a claim.

### C. Plaintiff's Tort Claims

#### i. Count X: Conversion

In Count X, plaintiff alleges that Covert Action "converted to its own use and benefits the ideas and work of the plaintiff, Habibollah Gharib." (Compl. ¶ 136.) "Conversion has

---

further as plaintiff admits to being paid $25,333 during that period, thus reducing plaintiff's claim to approximately $19,000. *Id*. at 16. Plaintiff makes no mention of this argument in his reply to defendants' motion to dismiss.

generally been defined as any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto." *Duggan v. Keto*, 554 A.2d 1126, 1137 (D.C. 1989). Where plaintiff concedes that he voluntarily transferred ownership, there is no unlawful exercise of control over plaintiff's property. *Equity Group, Ltd. v. Painewebber Inc.*, 839 F. Supp. 930, 933 (D.D.C. 1993). Because plaintiff admits that Covert Action hired and paid plaintiff for his services, he voluntarily transferred ownership. Moreover, plaintiff fails to allege with any specificity any ideas or work product that defendants converted. Accordingly, plaintiff's conversion claim is dismissed.

### ii. Count XIII: Punitive Damages

As to Count XIII, plaintiff claims punitive damages, in the amount of $5,000,000. (Compl. ¶ 150.) However, punitive damages is a remedy and not a freestanding cause of action. *Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.*, 81 F. Supp. 2d 70, 74 (D.D.C. 200). According, plaintiff's claim is dismissed.

### iii. Count XIV: Slander

In Count XIV, plaintiff claims that defendant Covert Action made statements in a letter to "a third party" and before the "Courts of the District of Columbia" suggesting that the plaintiff stole property belonging to the defendant. (Compl. ¶¶ 152, 153, 155.) Defamation is defined as an oral communication which "tends to injure plaintiff in his trade, profession or community standing, or lower him in the estimation of the community." *Smith v. District of Columbia*, 399 A.2d 213, 220 (D.C.1979) (quoting *Olinger v. Am. Savings &*

*Loan Ass'n*, 409 F.2d 142, 144 (D.C. Cir.1969)). "'A plaintiff bringing a defamation action must show: (1) that the defendant[s] made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Clawson v. St. Louis Post-Dispatch, L.L.C.*, 906 A.2d 308, 312-13 (D.C. 2006) (quoting *Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001)). For the following reasons, plaintiff has not done so here.

First, plaintiff fails to allege that this purported statement was false, and a statement cannot be defamatory unless it is false. *Id.* Second, this jurisdiction, like the majority of other jurisdictions, "has long recognized an absolute privilege for statements made preliminary to, or in the course of, a judicial proceeding, so long as the statements bear some relationship to the proceeding." *Oparaugo v. Watts*, 884 A.2d 63, 79 (D.C. 2005) (quoting *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001)). Finally, plaintiff fails to allege that the supposed statement caused him "special harm" as required to state a claim for defamation. Accordingly, plaintiff's slander claim should be dismissed.

**iv. Count XV: Intentional Infliction of Emotional Distress**

In Count XV, plaintiff claims that defendants' refusal to continue salary payments to the plaintiff in the fall of 2004 was intended to cause plaintiff severe emotional distress.

(Compl. ¶¶ 157-163.) To prove a claim of intentional infliction of emotional distress, however, "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002). The conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. Cir.1998) (quoting *Drejza v. Vaccaro,* 650 A.2d 1308, 1316 (D.C. 1994)). Plaintiff's vague allegations and conclusory statements do not satisfy the standard for a claim of intentional infliction of emotional distress as plaintiff has alleged no conduct that is "so outrageous and extreme" that it goes beyond all "bounds of decency" to be considered atrocious, *see Homan*, 711 A.2d at 818, and, thus, plaintiff's claim for intentional infliction of emotional distress must also be dismissed.

### v. Count XVI: Negligent Infliction of Emotional Distress

In Count XVI, plaintiff asserts a claim for negligent infliction of emotional distress using identical language as his claim for intentional infliction of emotional distress. (Compl. ¶¶ 165-172.) To establish a prima facie case of negligent infliction of emotional distress, plaintiff must show that he was "in the zone of physical danger" created by defendants' conduct and was caused "to fear for his or her own well-being." *Williams v. Baker*, 572 A.2d 1062, 1067 (D.C. 1990). The plaintiff must also show that the emotional distress is "serious

and verifiable." *Jones v. Howard Univ.*, 589 A.2d 419, 424 (D.C. 1991). Plaintiff here has alleged no physical injury nor that he was ever in the zone of physical danger created by defendants. Accordingly, his claim for negligent infliction of emotional distress is dismissed.

## CONCLUSION

Thus, for all of the foregoing reasons, this Court GRANTS defendants' Motion to Dismiss plaintiff's claims against it. An appropriate Order consistent with this ruling accompanies this Memorandum Opinion.

*/s/ Richard J. Leon*
**RICHARD J. LEON**
**United States District Judge**
