IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HABIBOLLAH GHARIB ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:06-CV-01645 |
| ) | Judge Richard J. Leon |
| LOUIS WOLF, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR AN EXTENSION OF TIME TO AMEND COMPLAINT**

Defendants Louis Wolf and Covert Action Publications, Inc., through undersigned counsel, respectfully submit their Opposition to Plaintiff's Motion for an Extension of Time to Amend Complaint (Doc. No. 36) (Aug. 9, 2007) ("Pls. Mot.").

**I.     Plaintiff Has Failed to Comply with Local Civil Rule 7.1(m).**

As a threshold matter, plaintiff's counsel has, yet again, failed to comply with Local Civil Rule 7.1(m), thereby burdening this Court with a legally unsupportable motion. This is the third time that plaintiff's counsel has done so. See Defendants' Opposition to Plaintiff's Motion to Disqualify, at 1-3 (Nov. 15, 2006) (Doc. No. 20); Defendants' Opposition to Plaintiff's Motion for Reconsideration, at 2-4 (Jan. 5, 2007) (Doc. No. 29). If plaintiff's counsel had conferred with undersigned counsel, the legal invalidity of his motion would have been brought to his attention.

Although plaintiff's counsel avers that "counsel [was] unable to telephone the defendants' counsel, to ascertain consent and/or permission from defendants' counsel for an Extension of Time to Amend his complaint," see Pls. Mot. at 2, defendants' counsel's law firm is staffed from 8:30 a.m. to 6 p.m. on weekdays, and has a voicemail system at all other times.

Further, defendants' counsel are fully reachable by electronic mail.  Plaintiff's counsel's failure to telephone or email defendants' counsel is inexcusable.

The courts have denied or struck motions that failed to comply with Rule 7.1(m) or its predecessor.  See, e.g., United States ex rel. Tennessee Valley Marble Holding Co. v. Grunley Construction, 433 F. Supp. 2d 104, 112 (D.D.C. 2006) (motion "denied as premature for failing to confer with defendant Atlantic's counsel before filing the motion"); In re Verizon Internet Serv., Inc., 217 F.R.D. 239, 240 (D.D.C. 2003) (striking motion, because "I expect counsel to be more familiar with the local rules"); Sokos v. Hilton Hotels Corp., 283 F. Supp. 2d 42, 55-57 (D.D.C. 2003) (imposing monetary sanctions for failure to comply with Rule 7.1(m)); Alexander v. FBI, 186 F.R.D. 197 (D.D.C. 1999) ("The uncontroverted facts pertaining to plaintiff's earlier motion establish that plaintiffs' counsel did not meet the requirements of this rule.").

This Court should not condone plaintiff's counsel's repeated, willful failures to comply with the meet and confer requirements of Local Civil Rule 7.1(m).

**II.     This Court's Final Judgment Precludes Amending Plaintiff's Complaint.**

This Court must find that plaintiff's motion is based on a legally incorrect reading of this Court's Order and Memorandum Opinion, which expressly dismissed plaintiffs' claims in their entirety, under Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim.  See Memorandum Opinion (Doc. No. 34) (July 31, 2007); Order (Doc. No. 35) (July 31, 2007).  This Court did not dismiss plaintiff's claims "without prejudice," as plaintiff falsely claims, and did not grant plaintiff leave to replead his claims.  Id.  Therefore, this Court's rulings constitute a final judgment under Rule 54(a), Fed. R. Civ. P., and plaintiff cannot now seek to amend his complaint under Rule 15(a).

The final judgment precludes this Court from considering plaintiff's request to amend his complaint, since "most courts faced with the problem have held that once a judgment is entered the filing of an amendment [under Rule 15(a)] cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."  6 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d, § 1489, at 692-93 (2d ed. 1990) (collecting cases).  As the D.C. Circuit explained, long ago, "the right to amend once as of course prior to a responsive pleading would be terminated by a judgment of dismissal," so that "efforts to amend a complaint presumably must first be directed to reopening the judgment."  Cassell v. Michaux, 240 F.2d 406, 407-08 (D.C. Cir. 1956); accord Johnson v. District of Columbia, C.A. No. 04-CV-0250 (RCL), 2007 WL 2058735, at *2 (D.D.C. July 18, 2007) (quoting Cassell).  Judge Lamberth recently explained this principle:

> Indeed, after a district court has dismissed his suit, a plaintiff who wishes to amend must file "a 59(e) motion to alter or amend [the] judgment combined with a Rule 15(a) motion requesting leave of court to amend [his] complaint."

Id. (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).

Here, plaintiff has not timely filed a Rule 59(e) motion and has not sought leave to file a belated Rule 59(e) motion.  Therefore, plaintiff's request for an extension of time to amend his complaint is illusory, and does not seek relief that can be granted under the Federal Rules of Civil Procedure.

**III.    Conclusion.**

For the foregoing reasons, this Court should deny plaintiff's motion for an extension of time to amend his complaint.

        Respectfully submitted,

        /s/ Lynne Bernabei

        _____

| | |
|---|---|
| Lynne Bernabei, Esquire | # 938936 |
| Alan R. Kabat, Esquire | # 464258 |

        Bernabei & Wachtel, PLLC
        1775 T Street, N.W.
        Washington, D.C.  20009-7124
        tel. (202) 745-1942
        fax (202) 745-2627

        Counsel for Defendants

Dated:  August 10, 2007